**COLUMBIA RIO GRANDE
REGIONAL HOSPITAL,**
Appellant,

v.

**Lucy STOVER, Executrix of the Estate
of Gary Reed, Deceased And Motors
Insurance Corporation, Appellees.**

No. 13–98–140–CV.

Court of Appeals of Texas,
Corpus Christi.

April 28, 2000.

James A. Porter, Porter, Wuest & Koch, Houston, Paul M. O'Neil, Houston, for Appellant.

Christiana Dijkman, Phillips & Akers, Houston, for Appellees.

Before Chief Justice SEERDEN and Justices YAÑEZ and RODRIGUEZ.

## O P I N I O N

Opinion by Justice RODRIGUEZ.

Appellant Columbia Rio Grande Regional Hospital (Columbia), a medical provider, filed a declaratory action against Appellee Lucy A. Stover (Stover), independent executrix of the estate of Gary D. Reed (Reed), deceased. Stover filed a motion for summary judgment asserting, *inter alia*, the action was barred by *res judicata* and collateral estoppel. Without specifying the grounds, the trial court granted Stover's motion. We affirm.

Columbia provided medical services to Reed for an on-the-job injury. Columbia charged Reed for services provided in the amount of $15,395.85, and later filed a hospital lien for that amount in Hidalgo County.[1] Subsequently, Reed filed suit against his employer in the 206th District Court in Hidalgo County (Reed Lawsuit). Columbia filed notice of its hospital lien in the Reed Lawsuit.[2] During the course of

---

1. In order to secure a lien a hospital must file written notice of the lien with the county clerk of the county in which the injury occurred. *See* Acts 1983, 68th Leg., p. 3563, ch. 576, § 1, eff. Jan. 1, 1984, *amended by* Acts 1995, 74th Leg., ch. 1031, § 1, eff. Aug. 28, 1995 (current version at TEX. PROP.CODE ANN. § 55.005 (Vernon Supp.2000)).

2. A hospital lien attaches to a cause of action for damages arising from an injury for which the hospital provided treatment, as well as to any proceeds from settlement of that action or

the lawsuit Reed died, and Stover filed an application to probate Reed's will. The probate court, County Court at Law No. 4, Hidalgo County, in Cause No. 25,040–D, appointed Stover independent executrix of Reed's estate. Stover stepped in as plaintiff in the Reed Lawsuit. When the lawsuit settled, the 206th District Court entered judgment whereby the defendant's insurer, Motors Insurance Corporation (Motors), agreed to tender to Stover the settlement amount of $135,000.00, out of which Columbia's hospital lien was to be satisfied, depending on the outcome of litigation between the estate and Columbia. Motors issued a $15,395.85 check payable to Stover's trustee and Columbia. Stover refused to sign the check over to Columbia and the district court placed the funds in its registry.

At Stover's request, the district court ordered Motors' check transferred to the registry of the county court where the estate was being probated. Columbia then filed an authenticated claim for Reed's medical expenses in the probate proceeding. In response, Stover filed a motion to bar Columbia's claim asserting the claim did not attach to the estate or, alternately, the claim was untimely filed. The probate court granted Stover's motion.

Contemporaneously with these proceedings, Columbia filed an original declaratory judgment action against Stover urging its rights pursuant to the hospital lien. Columbia's action was assigned the same cause number as the probate proceeding in County Court at Law No. 4. Stover answered, counterclaimed, and filed a motion for summary judgment based on the affirmative defenses of *res judicata* and collateral estoppel. In her motion, Stover asserted Columbia's causes of action were barred because Columbia's claims had been adjudicated by either: (1) the judgment of the 206th District Court regarding

the underlying claim brought by the injured individual or another person entitled to make the claim. *See* TEX. PROP.CODE ANN. § 55.003 (Vernon 1995). A hospital lien does not at-

Reed's personal injury cause of action; or (2) the order of the probate court barring Columbia's claim. Columbia responded and objected to Stover's summary judgment evidence. Columbia also filed a cross motion for summary judgment and amended its petition. Stover did not amend her motion.

On January 26, 1998, by agreement of the parties, the probate court severed Columbia's action against Stover from the probate proceeding and assigned the severed action cause number 25,040–D–1. On February 3, 1998, the probate court granted Stover's summary judgment motion. The probate court did not rule on Columbia's cross motion for summary judgment. On February 10, 1998, Stover non-suited her counterclaim against Columbia.

In addition to the foregoing litigation, Columbia filed suit against Motors in County Court at Law No. 3, asserting liability for paying over the hospital lien and for not paying the proceeds directly to Columbia. Motors filed an unopposed motion to consolidate Columbia's suit against Motors with cause number 25,040–D. The motion was granted on February 4, 1998.

■ By points of error one and three Columbia complains that the summary judgment is not final because it does not dispose of all claims and parties. Columbia first asserts this appeal is taken from cause number 25,040–D, the cause into which its claims against Motors were consolidated. Columbia argues that because the summary judgment does not address its claims against Motors, it is interlocutory. In response, Stover asserts this appeal is from cause number 25,040–D–1, a cause severed out of 25,040–D. Stover contends because Columbia's claims against Motors were never before the trial court in the severed cause, she did not need to address them.

tach to a wrongful death award or judgment. *See Tarrant County Hospital Dist. v. Elzie Jones*, 664 S.W.2d 191, 195 (Tex.App.—Fort Worth 1984, no writ).

We agree with Stover that the appeal is from case number 25,040–D–1. On January 26, 1998, the trial court signed an agreed order severing Columbia's cause of action against Stover from the probate proceeding, cause number 25,040–D, and assigning that action a new cause number, 25,040–D–1. *See McRoberts v. Ryals,* 863 S.W.2d 450, 452–53 (Tex.1993) (order severing part of a lawsuit is effective when it is signed). The court granted Stover's summary judgment in the severed action on February 3, 1998. The following day, February 4, 1998, Columbia's lawsuit against Motors was consolidated with the probate proceeding, cause number 25,040–D, not the severed cause. Columbia's claims against Motors were never before the trial court in cause number 25,040–D–1. As Motors was never a party to the severed lawsuit, it was not necessary for the summary judgment to address Columbia's claims against Motors.

■ Columbia further contends Stover's summary judgment motion failed to address new causes of action pleaded in its amended petition. Specifically, Columbia asserts Stover did not address: (1) an action to enforce and satisfy its hospital lien; and (2) a request for declaratory relief and judgment and foreclosure of its hospital lien. Columbia's amended petition contained one new paragraph and one revised paragraph. The new paragraph entitled "Action to Enforce and Satisfy Hospital Lien" repeats or restates alleged facts, assertions and arguments set out in the original petition. The revised paragraph entitled "Request for Declaratory Relief and Judgment" adds the phrase "foreclosure of lien" to the title and body of the paragraph. The substance of the paragraph, however, remains the same. In its original petition Columbia claimed ownership of the monies by virtue of the hospital lien that attached to the settlement proceeds, and requested the court to declare the lien rightfully belonged to Columbia and to issue the monies from the registry of the court to Columbia. The amended petition has simply been reworded, with no additional relief prayed for in the amended petition. We conclude Columbia's amended petition raises no new issues or causes of action. Stover's motion addressed all causes of action raised by Columbia.

■ Finally, Stover concedes that the order was interlocutory because the summary judgment order did not address Stover's counterclaims. The probate court, however, non-suited Stover's counterclaim on February 10, 1998, seven days after the entry of the summary judgment. Where an interlocutory order is entered disposing of the interests of less than all parties and claims, that order does not become final until a subsequent order is entered disposing of the remaining parties and claims. *Mafrige v. Ross,* 866 S.W.2d 590, 591 n. 5 (Tex.1993); *H.B. Zachry Co. v. Thibodeaux,* 364 S.W.2d 192, 193 (Tex.1963). Once an order has been entered disposing of all remaining parties and issues, all the orders merge, creating a final and appealable judgment. *Id.* Therefore, the probate court's summary judgment, interlocutory in nature when granted, became final on February 10, 1998, when the trial court disposed of Stover's counterclaim. Because we conclude the judgment from which Columbia appealed is a final judgment, this Court has jurisdiction to hear Columbia's appeal. Points of error one and three are overruled.

By its second point of error, Columbia contends the trial court erred in granting Stover's motion for summary judgment on the basis of *res judicata* or collateral estoppel. Summary judgment for a defendant is proper when the summary judgment evidence negates an essential element of the plaintiff's cause of action as a matter of law or establishes all the elements of an affirmative defense as a matter of law. *See American Tobacco Co. v. Grinnell,* 951 S.W.2d 420, 425 (Tex. 1997) (citing *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979)). When reviewing a summary

judgment, we take as true all evidence favorable to the non-movant and indulge every reasonable inference in the non-movant's favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 549 (Tex.1985). When there are multiple grounds for summary judgment and the order does not specify the ground on which the summary judgment was rendered, appellant must negate all grounds on appeal. *State Farm Fire & Cas. Co. v. S. S.*, 858 S.W.2d 374, 381 (Tex.1993). If the appellant fails to negate each ground on which the judgment may have been rendered, we must uphold the summary judgment. *Id.*

██ The broad doctrine of *res judicata* encompasses two distinct principles: (1) *res judicata*, or claim preclusion; and (2) collateral estoppel, or issue preclusion. *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex.1992). Because the issue in this case is Columbia's ability to bring an entire claim against Stover, we look first at the claim preclusion or *res judicata* component of the doctrine.

██ *Res judicata* prevents the relitigation of a claim or cause of action that has been finally adjudicated, as well as related matters that, with the use of diligence, should have been litigated in the earlier suit. *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex.1996). The claim of *res judicata* requires proof of the following: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action. *Id.*

██ We note at the outset that Columbia's brief contains no assertion that Stover failed to establish the identity of parties, the second element of *res judicata*. Further, while Columbia asserts Stover failed to establish the third element of *res judicata*, a second action based on the same claims as were raised or could have been raised in the first action, its brief contains no argument, supported by citations to authorities and the record, as to why its declaratory judgment action is not based on claims raised or claims that could have been raised. *See* Tex.R.App. P. 38.1(h); *Nuchia v. Woodruff*, 956 S.W.2d 612, 620 (Tex.App.—Houston [14th Dist.] 1997, pet. denied) (appellate rules require brief to contain argument for contentions made, with appropriate citations to authorities and record). Issues not supported by argument and authorities are deemed waived, and we need not address the second and third elements of Stover's *res judicata* defense. *See Miksch v. Exxon Corp.*, 979 S.W.2d 700, 706 (Tex.App.—Houston [14th Dist.] 1998, pet. denied) (citing *Trenholm v. Ratcliff*, 646 S.W.2d 927, 934 (Tex.1983)). Accordingly, Columbia's argument is restricted to its contention that Stover did not establish the first element of *res judicata*, a prior final judgment on the merits by a court of competent jurisdiction.

██ Columbia first argues that there is no prior order adjudicating its claims. Columbia contends that the probate court had no jurisdiction to enter the order; therefore, the prior probate order granting Stover's motion to bar Columbia's lien in the probate proceeding is void. Columbia asserts that the probate order constitutes a nullity and cannot be the basis of a defense of *res judicata*.

Columbia contends claim administration by an independent administrator is to be conducted in accordance with sections 145 and 146 of the Texas Probate Code without further action by the court. Columbia argues section 145(h) expressly denies the probate court jurisdiction in the administration of the estate, including claims administration. Stover asserts the probate court has jurisdiction pursuant to sections 5 and 5A of the code. Stover urges sections 5 and 5A must be read in conjunction with the last phrase of section 145(h) allowing for intervention where the code

specifically provides for action in the probate court.

Section 145(h) of the probate code provides:

When an independent administration has been created, and the order appointing an independent executor has been entered by the county court, and the inventory, appraisement, and list aforesaid has been filed by the executor and approved by the county court, as long as the estate is represented by an independent executor, further action of any nature shall not be had in the county court except where this Code specifically and explicitly provides for some action in the county court.

TEX. PROB.CODE ANN. § 145(h) (Vernon Supp.1999). While the general purpose of section 145 is to free the independent executor from the control of the court, except where the code specifically and explicitly provides otherwise, *see Bunting v. Pearson,* 430 S.W.2d 470, 473 (Tex.1968), it is equally clear that courts have determined the legislature did not intend for the independent administrator to be completely free from judicial supervision. *See Herbst v. Sheppard,* 995 S.W.2d 310, 313–14 (Tex. App.—Corpus Christi 1999, writ denied) (probate code section 145(h) only prohibits further action in the county court);[3] *Womack v. Redden,* 846 S.W.2d 5, 8 (Tex. App.—Texarkana 1992, writ denied) (county court sitting in probate had jurisdiction over independent executor to determine homestead rights of parties); *Estate of Kuenstler v. Trevino,* 836 S.W.2d 715, 718–19 (Tex.App.—San Antonio 1992, no writ) (statutory probate court had jurisdiction over independent executors in declaratory judgment suit concerning debt owed by estate); *Weldon v. Hill,* 678 S.W.2d 268, 274 (Tex.App.—Fort Worth 1984, writ ref'd n.r.e.) (section 145(h) only prohibits further action in county court and is silent as to prohibition of actions in all other

courts). Because we conclude that section 145(h) does not deny a statutory county court jurisdiction over an independent administration, we look to code provisions that address probate jurisdiction in statutory county courts.

The general jurisdiction of a statutory county court sitting in probate is described in sections 5 and 5A. The applicable provisions of section 5 include:

(c) In those counties where there is a statutory probate court, *county court at law,* or other statutory court *exercising the jurisdiction of a probate court,* all applications, petitions and *motions regarding probate and administrations shall be filed and heard in such courts* and the constitutional county court, rather than in the district courts, unless otherwise provided by the legislature, and the judges of such courts may hear any of such matters sitting for the judge of any of such courts. In contested matters, the judge of the constitutional county court may on his own motion, and shall on the motion of any party to the proceeding, transfer the proceeding to the statutory probate court, county court at law, or other statutory court exercising the jurisdiction of a probate court, which may then hear the proceeding as if originally filed in such court.

* * * * *

(e) *All courts exercising original probate jurisdiction shall have the power to hear all matters incident to an estate.*

TEX. PROB.CODE ANN. § 5(c), (e) (Vernon Supp.1999) (emphasis added).

Significantly, probate code section 5(c) states that all motions regarding probate and administrations shall be filed and heard in statutory county courts exercising the jurisdiction of a probate court. *See* TEX. PROB.CODE ANN. § 5(c) (Vernon Supp. 1999). Section 5(e) further provides those

---

**3.** Unlike this case, *Herbst* involved an independent administration in a constitutional county court.

courts exercising original probate jurisdiction, which include statutory county courts pursuant to section 5(c), shall have the power to hear all matters incident to an estate. *Id.* at § 5(e). This is a general grant of authority to statutory county courts. *Cf. Womack,* 846 S.W.2d at 9 (section 5(e) is general grant of authority to county courts in counties where there is no other statutory court exercising jurisdiction of probate court). Additionally, probate code section 5A(a) plainly states that in proceedings in statutory county courts at law, the phrase "incident to an estate" includes "all claims by or against an estate," and "generally all matters relating to the settlement, partition, and distribution of estates of deceased persons." *See* Tex. Prob.Code Ann. § 5A(a) (Vernon Supp.1999); *cf. Herbst,* 995 S.W.2d at 313. This statute codifies case law. *See, e.g., Pullen v. Swanson,* 667 S.W.2d 359, 362 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.) (citing *English v. Cobb,* 593 S.W.2d 674, 676 (Tex.1979) and *Lucik v. Taylor,* 596 S.W.2d 514 (Tex.1980)) (action is "incident to an estate" when outcome will have direct bearing on assimilation, collection, and distribution of estate).

Columbia's reliance on *Carter v. Brady,* 423 S.W.2d 946, 951–52 (Tex.Civ.App.—San Antonio 1967, writ ref'd n.r.e.) for the proposition that a probate court has no jurisdiction to determine the validity of claims against an estate being administered by an independent executor, is misplaced. *Carter* predates the legislature's 1973 modification of the jurisdictional framework for probate matters and case law interpreting those changes. *See English,* 593 S.W.2d at 675–76. In *English,* the Texas Supreme Court recognized that the obvious purpose of the 1973 changes was "to increase the jurisdiction of such courts in 'matters incident to an estate' so that a decedent's estate could be more

efficiently settled in one proceeding." *Lucik,* 596 S.W.2d at 516 (citing *English,* 593 S.W.2d at 675). Subsequently, the legislature added section 5A to the code, further expanding statutory county court jurisdiction to matters including, "but not limited to, all claims by or against an estate. ., and generally all matters relating to the settlement, partition, and distribution of estates...." *See* Tex. Prob.Code Ann. § 5A(a) (Vernon Supp.1999). A probate court's jurisdiction has been greatly expanded since *Carter.*

County Court at Law No. 4 in Hidalgo County, a statutory county court, appointed Stover independent executrix of Reed's estate pursuant to section 145, and administered the probate proceeding.[4] Columbia filed an authenticated claim in the probate court. Stover filed a motion in the court to bar Columbia's claim, a claim Stover believed to be barred because it did not attach to the estate or, alternately, because it was untimely filed. Columbia's claim was against the estate. The claim necessarily involved the assets of the estate. The outcome would have a direct bearing on the settlement, partition, and distribution of the estate. Accordingly, we conclude Stover's motion involved matters "incident to the estate," and the probate court had jurisdiction to hear Stover's motion. The probate court's order of September 24, 1997, granting Stover's motion to bar Columbia's claim is not void for lack of jurisdiction.

█ The final order barring Columbia's claim was appealable to this Court.[5] *See* Tex. Prob. Ann. § 5(f) (Vernon Supp. 1999) (final orders of any court exercising original probate jurisdiction are appealable to courts of appeals). Because no direct appeal of the September 24, 1997, probate order was taken by Columbia, it cannot now attack the order collaterally. *See*

---

4. There are no statutory probate courts in Hidalgo County. *See* Tex. Gov't Code Ann. § 25.1101 (Vernon Supp.2000).

5. Columbia complains only that the probate order barring its claim in cause number 25,-040–D, is void for lack of jurisdiction. Columbia does not argue that it is not a final order. *See* Tex R.App. P. 38.1(h).

*Walton v. First Nat'l Bank of Trenton,* 956 S.W.2d 647, 650 (Tex.App.—Texarkana 1997, writ denied) (because estate did not appeal from final probate order approving bank's claim, order became final judgment not vulnerable to collateral attack); *cf. Carroll v. Carroll,* 893 S.W.2d 62, 68–69 (Tex.App.—Corpus Christi 1994, no writ) (void order subject to collateral attack).

Accordingly, we hold there was a prior final judgment on the merits by a court of competent jurisdiction. Stover established the first element of *res judicata,* the only element about which Columbia complains. Therefore, the summary judgment is sustainable on that ground.[6]

In point of error two, Columbia further contends that the trial court erred in granting Stover's motion for summary judgment because Stover's summary judgment evidence is not competent to support her motion.[7] Columbia asserts the trial court overruled all objections, preserving error for appeal. Stover contends that there is no indication in the transcript of the summary judgment hearing that Columbia requested or received a ruling on its objections to preserve the objections for appeal. Stover also argues that the appellate rules require the non-movant in a summary judgment proceeding to secure a written ruling on its objections or they are waived on appeal.

A summary judgment motion is to be decided on the written record. *See Clear Creek Basin Auth.,* 589 S.W.2d at 678. Prior to the new appellate rules which became effective September 1, 1997, a party had to obtain a written ruling or object to the court's refusal to rule in order to preserve error for appellate review. *See Frazier v. Yu,* 987 S.W.2d 607, 609–10 (Tex.App.—Fort Worth 1999, pet. denied) (comparing TEX.R.APP. P. 52(a) (1997, revised 1997) with TEX.R.APP. P. 33.1(a)(2)(A)). However, revised rule 33.1(a)(2)(A), formerly rule 52(a), relaxes that requirement, and now, to preserve any error, the trial court must rule either expressly or implicitly on the objection, or refuse to rule with the complaining party objecting to the refusal. *See* TEX.R.APP. P. 33.1(a)(2)(A); *Frazier,* 987 S.W.2d at 609–10 (error preserved as long as record indicates in some way that trial court ruled on objection either expressly or implicitly); *Cain v. Rust Indus. Cleaning Serv., Inc.,* 969 S.W.2d 464, 469–70 (Tex.App.—Texarkana 1998, pet. denied) (ruling on objection must be reduced to written form; therefore, error waived because no written ruling and reporter's record of hearing showed only that court intended to rule at later date). *But see Ausaf v. Highlands Ins. Co.,* 2 S.W.3d 363, 365 (Tex.App.—Houston [1st Dist.] 1999, pet. denied) (citing *Banowsky v. State Farm Mut. Auto. Ins. Co.,* 876 S.W.2d 509, 513 (Tex.App.—Amarillo 1994, no writ)) (order sustaining objection must be in writing, signed and entered into record to preserve error). Because we approve of the *Frazier* Court's reasoning and its comparative analysis of rule 33.1(a) with former rule 52(a), we adopt its conclusions with respect to ruling on objections to evidence under the new rule. Accordingly, this Court concludes no written order overruling Columbia's objections was necessary to preserve error, if

---

6. When a trial court's order granting summary judgment does not specify the ground or grounds relied on for the ruling, as in this case, summary judgment will be affirmed on appeal if any of the theories advanced are meritorious. *See State Farm,* 858 S.W.2d at 380. Thus, although Stover offered multiple grounds for summary judgment, for purposes of this appeal it suffices to address only the ground of *res judicata,* as it is a sustainable ground. *See Rogers v. Ricane Enterprises, Inc.,* 775 S.W.2d 391, 395 n. 3, (Tex.App.—Amarillo 1987), *reversed and remanded on oth-*

*er grounds,* 772 S.W.2d 76 (1989) (multiple grounds for summary judgment offered, but appellate court need only address sustainable ground).

7. Columbia also asserts that Stover's evidence is insufficient, that Stover failed to prove up her attorney fees and to provide time records for the fees requested. These assertions will be addressed under Columbia's fourth point of error.

the record indicates the trial court ruled on Columbia's objections, either expressly or implicitly.

In its response to the motion for summary judgment, Columbia objected to Stover's exhibits 1, 2, 3 and 4 [8] on the basis of hearsay and to exhibits 1 and 2 on the basis that they were not certified. While there is no written order in the clerk's record, the reporter's record of the summary judgment hearing reveals that the probate court explicitly overruled Stover's objections of hearsay and certification. Columbia reurges those objections on appeal.

■■■ Columbia first complains that exhibits 1 and 2 were not certified. To be considered by the trial or reviewing court, summary judgment evidence must be admissible under the rules of evidence. *See United Blood Serv. v. Longoria*, 938 S.W.2d 29, 30 (Tex.1997); *Murillo v. Valley Coca–Cola Bottling Co.*, 895 S.W.2d 758, 762 (Tex.App.—Corpus Christi 1995, no writ). Documents submitted as summary judgment proof must be sworn to or certified. *See* Tex.R. Civ. P. 166a(f). A properly sworn affidavit stating attached documents are true and correct copies of the originals authenticates the copies so that they may be considered as summary judgment evidence. *See Republic Nat'l Leasing Corp. v. Schindler*, 717 S.W.2d 606, 607 (Tex.1986). The clerk's record in this case reveals that exhibits 1 and 2 were authenticated by a properly sworn affidavit. Accordingly, we conclude the trial court was correct in considering exhibits 1 and 2 as summary judgment evidence on the basis that they were authenticated.

■■■ Regarding Columbia's objections to exhibits 1, 2, 3 and 4 on the basis of hearsay, Columbia directs its objections to the exhibits as a whole and does not point out which parts are objectionable hearsay. Specific statements must be identified in order to determine whether they are hearsay. *See Moulton v. Vaughn*, 982 S.W.2d 107, 110 (Tex.App.—Houston (1st District) 1998, pet. denied) (citing Tex.R.App. P. 33.1(a)(1)(A)). Columbia's hearsay objections were not specific enough to reasonably apprise either its opponent or the court of its complaint. *See* Tex.R.App. P. 33.1(a)(1)(A); *Williams v. Conroe Indep. Sch. Dist.*, 809 S.W.2d 954, 957 (Tex.App.—Beaumont 1991, no writ). Consequently, Columbia's general hearsay objections preserved nothing for review.

■■■ Columbia also objects that Stover's original affidavit filed in support of attorney fees in the amount of $2,500.00 was not sworn. However, an amended sworn affidavit filed in support of fees in the amount of $9,000.00 was substituted for the original affidavit and admitted by the court at the summary judgment hearing. *See* Tex.R. Civ. P. 166a(c)(ii); *Daniell v. Citizens Bank*, 754 S.W.2d 407, 409 (Tex.App.—Corpus Christi 1988, no writ). The amended affidavit appears in the supplemental clerk's record. Columbia did not object to this amended affidavit. Absent a showing that Columbia apprised the court of its objections regarding the amended affidavit, they are waived, and nothing is preserved for review. *See* Tex. R.App. P. 33.1(a)(1)(A).

We therefore conclude Stover's summary judgment evidence was competent to support her motion. Columbia's second point of error is overruled.

■■■ By point of error four, Columbia contends the trial court erred in awarding attorney fees to Stover in the amount of $9,000.00. Columbia asserts there is insufficient evidence or no evidence to support the award, that Stover failed to provide time records for the fees requested, and that the award is excessive. Columbia further contends the only affidavit before

---

8. Exhibit 1 was the judgment of the 206th Judicial District Court; exhibit 2, the transcript from a hearing in that court; exhibit 3, the order of the probate court barring Columbia's claim; and exhibit 4, the transcript of the hearing on Stover's motion to bar.

the probate court states an award of $2,500.00 which is reasonable and necessary, and that the award of $9,000.00 is in direct conflict with the $2,500.00 amount Stover stated was a reasonable and necessary fee in her summary judgment motion. We read Columbia's contentions as challenging the probate court's factual and legal determinations regarding the fee awarded.

 Pursuant to section 37.009 of the Declaratory Judgment Act (the Act), Stover's answer includes a request for attorney fees for defending Columbia's action. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 37.009 (Vernon 1997). The award of attorney fees in a declaratory judgment action is within the trial court's discretion; however, the Act imposes four limitations on the court's discretion. *See Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex.1998); *Welder v. Green*, 985 S.W.2d 170, 180 (Tex. App.—Corpus Christi 1998, pet. denied). The fees must be reasonable, necessary, equitable, and just. *See Bocquet*, 972 S.W.2d at 21 (citations omitted). The reviewing court must make a factual determination as to the reasonableness and necessity of the fees awarded and a legal determination as to whether the fee is equitable and just. *See Stable Energy, L.P. v. Newberry*, 999 S.W.2d 538, 556–57 (Tex.App.—Austin 1999, pet. denied) (citing *Bocquet*, 972 S.W.2d at 21); *Welder*, 985 S.W.2d at 180. "It is an abuse of discretion for a trial court to rule arbitrarily, unreasonably, or without regard to guiding legal principles, or to rule without supporting evidence." *Bocquet*, 972 S.W.2d at 21 (citations omitted); *see Welder*, 985 S.W.2d at 180.

The following factors prescribed by law are to guide our determination of whether attorney fees are reasonable and necessary:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;

(2) the likelihood ... that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

TEX. DISCIPLINARY R. PROF. CONDUCT 1.04, *reprinted in* TEX. GOV'T CODE, ANN., tit. 2, subtit. G app. (STATE BAR RULES, art. X, § 9); *see Bocquet*, 972 S.W.2d at 21 (referring court to rule 1.04) (citations omitted).

This Court has concluded that Stover's amended attorney fees' affidavit in support of an award of $9,000.00 was properly before the probate court as summary judgment evidence. In the affidavit, Terry D. Key, counsel for Stover, sets out his qualifications, details the work he conducted in connection with his representation of Stover in this matter, states that the fee was reasonable for services performed, and concludes that the fee charged is one customarily charged in similar matters and under similar circumstances. Columbia filed no controverting affidavit.

Based on the above, although each factor in rule 1.04 is not supported by the evidence, we do find that there was some evidence to support the award. Therefore, we cannot say that the probate court abused its discretion in determining there was sufficient evidence to award the $9,000.00 fee. Further, we cannot say the probate court abused its discretion in determining the fee was equitable and just.

Accordingly, we overrule Columbia's fourth point of error.

In its fifth point of error, Columbia complains the trial court erred in failing to rule on its cross-motion for summary judgment. Because we conclude that the probate court properly granted summary judgment in favor of Stover on the basis of *res judicata*, we need not reach this point. *See Malmgren v. Inverness Forest Residents Civic Club, Inc.*, 981 S.W.2d 875, 877 (Tex.App.—Houston [1st Dist.] 1998, no writ) (citing *Holmes v. Morales*, 924 S.W.2d 920, 922 (Tex.1996)) (court reviews ruling on opposing motion only if it finds one motion for summary judgment erroneously granted).

The judgment of the probate court is affirmed.