Anthony C. AGUILAR and Susan B. Aguilar, Appellants,

v.

LVDVD, L.C., Appellee.

No. 08–01–00438–CV.

Court of Appeals of Texas, El Paso.

March 7, 2002.

---

Anthony C. Aguilar, El Paso, Pro Se.

Gino Estrada, El Paso, for Appellants.

Jeffrey B. Thompson, Alto, NM, for Appellee.

Before Panel No. 1: LARSEN, McCLURE, and CHEW, JJ.

### OPINION ON MOTION

SUSAN LARSEN, Justice.

Before the Court for determination is appellants' motion to strike supplementation of the record in this summary judgment case. Appellants contend that any reporter's record of the hearing on summary judgment is inappropriate and should not be considered. As the reporter's record apparently contains rulings on objections to summary judgment affidavits, we conclude it may appropriately be included in the appellate record. We deny the motion for the following reasons.

Appellants rely upon *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979), and *El Paso Associates, Ltd. v. J.R. Thurman & Co.*, 786 S.W.2d 17 (Tex.App.-El Paso 1990, no writ). First, appellants assert that the cases stand for the proposition that recording of summary judgment hearings is a practice "neither necessary nor appropriate" to the purposes of such a hearing. Furthermore, appellants assert that appellee is attempting to use the supplemental record to circumvent the October 12, 2001 order denying the motion for partial summary judgment.

In response, appellee argues that the supplemental record contains a transcript of the proceedings regarding 23 objections to the affidavits of Anthony C. Aguilar and Susan B. Aguilar and the rulings thereon. Moreover, the supplemental record contains the rendition of the order denying

the motion for partial summary judgment. The latter is important, appellee argues, because appellants contend that the motion for partial summary judgment was still pending on the date of oral rendition of the order granting summary judgment and the date when both the order granting summary judgment and the order denying motion for partial summary judgment were signed. Thus, the supplemental reporter's record is required to demonstrate when the trial court orally rendered its order denying the motion for partial summary judgment and to provide the rulings of the trial court on appellants' evidence submitted in conjunction with their motion for partial summary judgment.

We believe that appellants' interpretation of *Clear Creek* and *Thurman* is incorrect and that therefore their reliance on the authorities is misplaced. *Clear Creek* and *Thurman* were both concerned with the trial court's consideration of issues presented orally at hearing and not prior to the hearing in written form. It is the presentation of the issues orally that both cases held would encourage parties "to request that a court reporter record summary judgment hearings, a practice neither necessary nor appropriate to the purposes of such a hearing." *Clear Creek,* 589 S.W.2d at 677 (citing *Richards v. Allen,* 402 S.W.2d 158, 161 (Tex.1966) and Tex.R. Civ. P. 166a(c)); *Thurman,* 786 S.W.2d at 19 (citing *Clear Creek* ).

Both *Clear Creek and Thurman* are consistent with Tex.R. Civ. P. 166a. Rule 166a holds, "No oral testimony shall be received at the hearing." Tex.R. Civ. P. 166a(c). But, as *Johnson v. Pumjani,* 56 S.W.3d 670 (Tex.App.-Houston [14th Dist.] 2001, no pet.), clarified, this means that "any oral hearing would be limited to attorney argument, and regulation of argu-

ment lies within the sound discretion of the trial court." *Id.* at 673. Rule 166a also holds that "[i]ssues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal." Tex.R. Civ. P. 166a(c). Here, objections were presented to the trial court in writing.

■ Appellants cite no authority for the idea that to have a transcription of proceedings is always inappropriate. And, to the contrary, *Clear Creek* allows that where the reasons for the summary judgment and the objections to it are in writing before the trial judge at the hearing, the appellate court will then be able to examine the transcript and determine whether the issue was actually presented to and considered by the trial judge. 589 S.W.2d at 677. Thus, the record may be helpful to the reviewing court.

■ Further support for the use of the transcript on appellate review is set forth in Tex.R.App. P. 33.1(a)(2)(A), which states, "As a prerequisite to presenting a complaint for appellate review, the record must show that ... the trial court ruled on the request, objection, or motion, either expressly or implicitly...." Tex.R.App. P. 33.1(a)(2)(A). In *Columbia Rio Grande Regional Hospital v. Stover,* 17 S.W.3d 387 (Tex.App.-Corpus Christi 2000, no pet.), the Corpus Christi Court of Appeals adopted the reasoning of the Fort Worth Court of Appeals in *Frazier v. Yu,* 987 S.W.2d 607, 609–10 (Tex.App.-Fort Worth 1999, pet. denied), holding that under current Tex.R.App. P. 33.1(a)(2)(A), in order to preserve error, the trial court must rule either expressly or implicitly on an objection or refuse to rule with the complaining party objecting to the refusal. *Columbia,*

17 S.W.3d at 395; *see also In re Estate of Loveless,* 64 S.W.3d 564, 573 (Tex.App.-Texarkana 2001, no pet.). Thus, if the record indicates that the trial court ruled on a party's objections, either explicitly or implicitly, no written order overruling the objections is necessary. *Columbia,* 17 S.W.3d at 395–96.

We disagree that appellee is attempting to use the supplemental record to circumvent the written order denying the motion for partial summary judgment, as appellants contend. Both appellants and appellee agree that the motion for partial summary judgment was denied; appellee argues only that it was rendered on a different date.

### Conclusion

As a result, we believe it is appropriate to include the supplemental record for appeal. Accordingly, we deny appellants' motion.