NUMBER 13-02-256-CV
COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI – EDINBURG

 
DONALD RAY MCCRAY,                                                             Appellant,
v.
CHARLES KEETON,                                                                      Appellee.



On appeal from the 58th District Court
of Jefferson County, Texas.




M E M E R A N D U M O P I N I O N

Before Chief Justice Valdez and Justices Hinojosa and Castillo
 
Opinion by Chief Justice Valdez
 
         On July 13, 2000, appellant, Donald Ray McCray, an inmate in a correctional
facility in Beaumont, sued appellee, Charles Keeton, the warden of the facility. 
Appellant alleged appellee deprived appellant of writing supplies and legal materials in
violation of state and federal law. On March 25, 2002, the date the case was set for
trial, the trial court dismissed the case for want of prosecution based on appellant’s
failure to perfect service on appellee. Although not clear from his brief, appellant
appears to contend (1) the trial court erred in not ordering the clerk to request that the
Attorney General locate appellee and serve process on him; and (2) the trial court erred
in dismissing the case for want of prosecution without proper notice to appellant. 
         The rules of appellate procedure require appellant’s brief to “contain a clear and
concise argument for the contentions made, with appropriate citations to authorities
and to the record.” Tex. R. App. P. 38.1(h). Appellant’s arguments are neither clear
nor concise. His brief does not contain citations to the record. 
         In support of his first issue, appellant cites no authority placing a duty on either
the trial court or the clerk to ensure that process is served on a defendant. Notably,
the only authority he cites for this issue places the responsibility on the party
requesting citation to obtain service. Tex. R. Civ. P. 99(a). Because appellant did not
support his first issue with a clear and concise argument and citations to authorities
and the record, appellant waived our review of this issue. See Tex. R. App. P. 38.1(h);
Columbia Rio Grande Reg’l Hosp. v. Stover, 17 S.W.3d 387, 392 (Tex. App.–Corpus
Christi 2000, pet. filed). 
         In support of appellant’s second issue, appellant refers only to rule of civil
procedure 165a(1), which requires a court to provide a party seeking affirmative relief
with notice of its intent to dismiss prior to dismissing a case for want of prosecution
under the rule. Tex. R. Civ. P. 165a(1). However, rule 165a applies to dismissals for
want of prosecution based only on (1) failure of the party seeking affirmative relief to
appear for any hearing or trial of which the party had notice; or (2) noncompliance with
the time standards set by the supreme court for the disposal of cases. Id. 165a(1),
(2). In this case, the court explicitly stated, both orally and in its written order, that
the case was being dismissed for appellant’s failure to perfect service of citation on
appellee. This basis does not fall within the purview of rule 165a. Appellant provided
no other authority for his second issue. Because he did not support his second issue
with a clear and concise argument and citations to authorities and the record, appellant
also waived our review of this issue. See Tex. R. App. P. 38.1(h); Stover, 17 S.W.3d
at 392.
         Because appellant did not properly brief either issue raised on appeal, he
presents nothing for our review. Accordingly, the judgment of the trial court is
affirmed.   
                                                                                                                   
                                                                        Rogelio Valdez,
                                                                        Chief Justice

 
Opinion delivered and filed
this 5th day of August, 2004.