

# NUMBER 13-07-00309-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**BAY AREA BLVD., LTD.,**                            **Appellant,**

**v.**

**BARRIOS TECHNOLOGY, LTD.,**                     **Appellee.**

---

## On appeal from the 11th District Court of Harris County, Texas.

---

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Vela
### Memorandum Opinion by Justice Garza

Appellant, Bay Area Blvd., Ltd. ("BAB"), appeals the trial court's judgment in favor of appellee, Barrios Technology, Ltd. ("Barrios").[1]  By two issues, BAB contends that:  (1) it is entitled to a new trial under Texas Rule of Appellate Procedure 34.6(f) because a trial exhibit was lost and the substitute exhibit included in the appellate record is not an accurate duplicate thereof, *see* TEX. R. APP. P. 34.6(f); and (2) the trial court erred by "improperly interpreting a contract that was not ambiguous."  We affirm.

---

[1] Throughout the trial court proceedings and in its appellate brief, BAB referred to Barrios as "Barrios Technologies, Inc."  However, Barrios's trial court pleadings and its appellate brief make clear that its actual name is "Barrios Technology, Ltd."

## I. BACKGROUND

In 1997, Barrios entered into a lease agreement with Teachers Insurance and Annuity Association ("TIAA") for the lease of office property at One Corporate Plaza, a building located at 2525 Bay Area Boulevard in Houston, Texas. BAB, a limited partnership, subsequently acquired the property from TIAA and became successor in interest under the lease. The lease, as amended, provided in pertinent part that Barrios was responsible for paying "Additional Rent" based on Barrios's proportionate share of the "Project Operating Expenses" incurred by BAB.[2]

After deciding to move its offices elsewhere, Barrios informed BAB in December 2004 that it would not be renewing the lease. A dispute then arose as to how much "Additional Rent" was owed by Barrios for 2004. BAB claimed Barrios owed $32,446.59; Barrios refused to pay, claiming that this amount was "wrongful, excessive, and out of line with prior years charges for Additional Rent," and noting that its "Additional Rent" payments for 2001, 2002, and 2003 were only $2,348, $4,271, and $1,514, respectively.

BAB filed suit against Barrios on March 25, 2005, seeking payment of the additional rent it believed was due. Barrios countersued against BAB and Donald R. Hodges, a member of BAB, on June 16, 2005.[3] In its suit, Barrios pleaded numerous causes of action including breach of contract, slander, and tortious interference with business relations, alleging that Hodges falsely told the Deputy Director of Procurement at NASA, one of Barrios's largest customers, that Barrios "did not pay its rent and damaged the Lease Premises when it moved from the Building." Barrios sought actual damages, exemplary damages, attorney's fees, and a declaratory judgment stating in part that Barrios did not

---

[2] The lease agreement defined "Project Operating Expenses" as, inter alia, tax payments, insurance premiums, utilities, repairs, fees, and other specified costs and expenses incurred by BAB for operating and maintaining One Corporate Plaza.

[3] BAB's suit was filed as trial court cause number 2005-20293 in the 11th Judicial District Court of Harris County, Texas. Barrios's suit was originally cause number 2005-39117 in the 234th Judicial District Court of Harris County. On September 13, 2005, trial court cause number 2005-39117 was transferred from the 234th District Court to the 11th District Court and the matters were consolidated under trial court cause number 2005-20293.

owe any "Additional Rent" for 2004 because BAB had failed to produce "detailed documentary support" for the "Project Operating Expenses" it incurred in that year.

After a bench trial beginning on October 9, 2006, the trial court found in favor of Barrios. The final judgment entered by the court on November 16, 2006 awarded Barrios $42,448.35 in actual damages and prejudgment interest, as well as $58,500 in trial attorney's fees, an additional $10,000 in attorney's fees should BAB file an unsuccessful appeal in a court of appeals, and an additional $5,000 in attorney's fees should BAB file an unsuccessful appeal in the Texas Supreme Court. The order also provided that BAB would take nothing by way of its suit against Barrios and that Barrios would take nothing by way of its suit against Hodges.[4]

BAB filed its notice of appeal on December 14, 2006,[5] and subsequently requested and paid for the reporter's record of the trial court proceedings. *See* TEX. R. APP. P. 35.3(b). The Harris County District Clerk's Office provided the reporter's record to this Court in August of 2007; however, the record did not contain any trial exhibits.

On October 22, 2007, BAB filed with this Court a "Motion for Court's Assistance in Determining How Appellant Should Proceed, or in the Alternative, Motion for New Trial," noting that the trial exhibits had apparently been lost or misplaced by the clerk. In response, we issued an order on November 20, 2007, abating the appeal and remanding the cause to the trial court to conduct a hearing to determine whether, as a result of the trial exhibits having been lost, BAB was entitled to a new trial under Texas Rule of Appellate Procedure 34.6(f). *See* TEX. R. APP. P. 34.6(f) (stating that an appellant is entitled to a new trial if: (1) the appellant has timely requested a reporter's record; (2) without the appellant's fault, a significant exhibit has been lost or destroyed; (3) the lost or destroyed exhibit is necessary to the appeal's resolution; and (4) the lost or destroyed

---

[4] Hodges is not a party to this appeal.

[5] This appeal was transferred from the Fourteenth Court of Appeals to the Thirteenth Court of Appeals pursuant to an order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2005).

exhibit cannot be replaced either by agreement of the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit).

The trial court conducted such a hearing on February 18, 2008. At the hearing, the parties agreed on accurate duplicates of all the trial exhibits, except for two: BAB's Exhibit 12 and Barrios's Exhibit 97. Although BAB submitted a substitute version of its Exhibit 12, and Barrios submitted a substitute version of its Exhibit 97, the parties did not agree that these substitutes were accurate duplicates of the exhibits produced at trial. Nevertheless, the trial court found that the substitute versions of Exhibits 12 and 97 were accurate duplicates and rendered an order stating in part:

> It is therefore ORDERED, ADJUDGED and DECREED that the replacement copies of the trial exhibits attached to this Order as Exhibit "A", including Defendant/Barrios Exhibit No. 97 and Plaintiff's Exhibit No. 12 contained therein, accurately duplicate with reasonable certainty the original trial exhibits admitted at the trial of the above entitled and numbered cause, and that such replacement copies of the trial exhibits shall be made a part of the record and used in the appeal of the above entitled and numbered cause.

The court also noted in its order that "Plaintiff Bay Area Blvd., Ltd. made no valid showing that any lost or destroyed trial exhibit admitted at the trial of the above entitled and numbered cause is necessary to the resolution of the appeal of the above entitled and numbered cause." We reinstated the appeal on March 14, 2008.

## II. DISCUSSION

### A. Loss of Trial Exhibits

Under Texas Rule of Appellate Procedure 34.6(f), an appellant is entitled to a new trial if: (1) the appellant has timely requested a reporter's record; (2) without the appellant's fault, a significant exhibit has been lost or destroyed; (3) the lost or destroyed exhibit is necessary to the appeal's resolution; and (4) the lost or destroyed exhibit cannot be replaced either by agreement of the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit. TEX. R. APP. P. 34.6(f). The appellant has the burden of establishing that the missing exhibit is necessary to the resolution of the appeal. *See Palmer v. Espey Huston & Assocs.*, 84 S.W.3d 345, 352

4

(Tex. App.–Corpus Christi 2002, pet. denied); *see also Parker v. Lancon*, No. 13-00-611-CV, 2004 Tex. App. LEXIS 7236, at *4 (Tex. App.–Corpus Christi Aug. 12, 2004, no pet.) (mem. op.). We may not reverse a trial court's determination under this rule unless the error complained of probably caused the rendition of an improper judgment or prevented an appellant from properly presenting the case to the appellate court. *Palmer*, 84 S.W.3d at 351 (citing Tᴇx. R. Aᴘᴘ. P. 44.1).

The following facts are undisputed: (1) BAB timely requested a reporter's record; (2) without BAB's fault, the trial exhibits were lost or destroyed; (3) the parties could not agree on replacements for BAB's Exhibit 12 and Barrios's Exhibit 97; and (4) the trial court determined that the substitute copies of Exhibits 12 and 97 submitted at the February 18, 2008 hearing were accurate duplicates of the original versions produced at trial.

BAB argues by its first issue that the substitute Exhibit 97, a chart purportedly itemizing the 2004 operating expenses for One Corporate Plaza, was actually not an accurate duplicate of the original Exhibit 97. To support its argument, BAB relies solely on the trial testimony of John Edwards, Barrios's director of finance. In its appellate brief, BAB points to myriad examples of Edwards testifying with reference to a document that does not appear to match up with the substitute Exhibit 97. For example:

**p. 157, l. 24 to p. 158, l. 20:** Witness questioned concerning administration charges. Witness testifies to $19,614 figure; [substitute] Exhibit 97 totals $21,980 for administration.

**p. 159, ll. 1-9:** Witness questioned concerning bank charges. Witness testifies to $178. [Substitute] Exhibit 97 shows zero.

. . . .

**p. 24, l. 19 to p. 25, l. 12:** Witness questioned concerning first and second column of [original] Exhibit 97. Witness testifies that first column is category of documents on original rent demand and second column is actual amount on additional rent demand. The first column of [substitute] Exhibit 97 shows the general categories on the additional rent demand, and the second column shows for [sic] total of each additional rent general category, which is consistent with Plaintiff's (Appellant's) Exhibit 2.

**p. 25, ll. 13-21:** Witness questioned concerning next column forward. Such column would be the third column. Witness testifies he originally tried

5

to determine which BAB (Appellant) general ledger accounts corresponded to each line item of the additional rend [sic] demand, and such information was reflected in the next column. The third column of [substitute] Exhibit 97 is entitled "General Ledger Account #s."

. . . . [Etc.] . . . .

(Emphasis in original.) BAB argues that the discrepancies between the descriptions provided by Edwards and the figures listed on the substitute Exhibit 97 reveal that the substitute is not an accurate duplicate of the original.

Without reaching the issue of whether the substitute is indeed an accurate duplicate of the original,[6] we note that BAB fails to establish that Exhibit 97 is a "significant" exhibit, *see* TEX. R. APP. P. 34.6(f)(2), or that it is "necessary to the appeal's resolution," *see* TEX. R. APP. P. 34.6(f)(3). BAB alleges generally that the chart "served as a basis for the Appellee's interpretation of the additional rent provision made the basis of this lawsuit." However, the chart that comprises Exhibit 97 was merely a summary of Edwards' notes regarding operating expense calculations made by Hodges. In other words, Exhibit 97 was a demonstrative exhibit that, although admissible, could not have independently formed a basis upon which the trier of fact may have reached a conclusion regarding any matter in dispute. *See Prestige Ford Co. v. Gilmore*, 56 S.W.3d 73, 79 (Tex. App.–Houston [14th Dist.] 2001, pet. denied) ("[I]f a demonstrative exhibit contains factual information that is not in evidence, it would be error to show the exhibit to the jury."); *see also Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 342 (Tex. 1998) ("Charts and diagrams that summarize, or perhaps emphasize, testimony are admissible *if the underlying information has been admitted into evidence, or is subsequently admitted into evidence*." (Emphasis added.)). We therefore conclude that BAB failed to overcome its burden of

_____

[6] Neither party disputes that the document Edwards refers to in the excerpted portion of his testimony is not the same as the substitute Exhibit 97 produced at the February 18, 2008 hearing. However, the trial record does not clearly establish that Edwards was actually referring to Exhibit 97 when he made the excerpted remarks.

Moreover, Barrios notes that Edwards' testimony *does* substantially match up with a different exhibit—Barrios's Exhibit 94, which is a chart analyzing the accuracy of BAB's operating expense figures. It is apparent to this Court that Exhibit 94, not Exhibit 97, is the document to which Edwards referred.

establishing that Exhibit 97 is necessary to the resolution of the appeal. *See Palmer*, 84 S.W.3d at 351. Accordingly, BAB is not entitled to a new trial. We overrule BAB's first issue.

## B.     Contract Interpretation

By its second issue, BAB argues simply that "the trial court erred by improperly interpreting a contract that was not ambiguous." In support of its argument, BAB points to well-established case law regarding contract construction. *See Am. Mfrs. Mut. Ins. Co. v. Schaefer*, 124 S.W.3d 154, 157 (Tex. 2003) ("An ambiguity exists only if the contract language is susceptible to two or more reasonable interpretations."); *DeWitt County Elec. Coop., Inc. v. Parks*, 1 S.W.3d 96, 100 (Tex. 1999) ("The language in an agreement is to be given its plain grammatical meaning unless to do so would defeat the parties' intent."); *MCI Telecomms. Corp. v. Tex. Utils. Elec. Co.*, 995 S.W.2d 647, 650, 651 (Tex. 1999) ("When a contract is not ambiguous, the construction of the written instrument is a question of law for the court. . . . We review the trial court's legal conclusions de novo.").

Barrios argues that BAB has failed in its second issue to "adequately articulate and brief" an issue for this Court to review. We agree. An appellant's brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record. TEX. R. APP. P. 38.1(i). BAB does not indicate what, if any, provisions of the lease agreement it believes the trial court "improperly interpret[ed]."[7] BAB does argue that "the trial court erred when it improperly excluded components of the additional rent calculations that were specifically authorized in the Lease between the parties." However, to the extent that this allegation may be construed as a challenge to the legal sufficiency of the evidence, *see City of Keller v. Wilson*, 168 S.W.3d 802, 814 (Tex. 2005) ("[A]n appellate court conducting a legal sufficiency review cannot disregard undisputed evidence that allows of only one logical inference."), BAB has not cited any authority or

---

[7] We note that BAB does not point to anything in the record indicating that either party argued at trial that any provision of the underlying lease was ambiguous. Rather, the dispute centered on the parties' conflicting claims regarding the amount of "Project Operating Expenses" incurred by BAB in 2004.

made any argument specifically supporting such a challenge. Accordingly, BAB has waived any error in this regard. *See* Tᴇx. R. Aᴘᴘ. P. 38.1(i); *Columbia Rio Grande Reg'l Hosp. v. Stover*, 17 S.W.3d 387, 392 (Tex. App.–Corpus Christi 2000, no pet.) (stating that issues not supported by argument and authority are deemed waived). BAB's second issue is overruled.

### III. Cᴏɴᴄʟᴜsɪᴏɴ

We affirm the judgment of the trial court.

_____
DORI CONTRERAS GARZA,
Justice

Memorandum Opinion delivered and
filed this the 16th day of April, 2009.

8