

# NUMBER 13-11-00229-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ATC TRANSPORT, LLC,                                            **Appellant,**

**v.**

XTRA LEASE, LLC,                                               **Appellee.**

## On appeal from the 111th District Court
## of Webb County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Garza
### Memorandum Opinion by Justice Rodriguez

In this breach of contract case, appellant ATC Transport, LLC challenges the summary judgment rendered by the trial court in favor of appellee XTRA Lease, LLC. By two issues, ATC argues that the evidence did not support the damages awarded by the trial court and that the trial court abused its discretion in excluding the affidavit of ATC's

president.  We affirm.[1]

## I. Damages

By its first issue, ATC challenges the trial court's award of damages to XTRA.[2] ATC argues that the trial court erred in granting XTRA's traditional motion for summary judgment as to damages because XTRA failed to prove it was entitled to lost-volume seller damages.[3]

We review the trial court's granting or denial of a traditional motion for summary judgment de novo.  *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Branton v. Wood*, 100 S.W.3d 645, 646 (Tex. App.—Corpus Christi 2003, no pet.). When reviewing a traditional summary judgment, we must determine whether the movant met its burden to establish that (1) no genuine issue of material fact exists and (2) the movant is entitled to judgment as a matter of law.  TEX. R. CIV. P. 166a(c); *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003) (citing *Haase v. Glazner*, 62 S.W.3d 795, 797 (Tex. 2001)); *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002).  When the movant asserts multiple grounds for summary judgment and the order does not specify the ground on which the summary judgment was granted, the appellant must negate all grounds on appeal.  *Columbia Rio Grande Reg'l Hosp. v. Stover*, 17 S.W.3d 387, 392 (Tex. App.—Corpus Christi 2000, no pet.) (citing *State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 381 (Tex. 1993)).  We must uphold the summary judgment

---

[1] This case is before the Court on transfer from the Fourth Court of Appeals in San Antonio pursuant to an order issued by the Supreme Court of Texas.  *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

[2] In its brief, ATC articulates a sufficiency of the evidence challenge to the damages award.  But because ATC prays for reversal of the trial court's ruling on XTRA's motion for summary judgment, we will construe this as a challenge to the summary judgment and apply the applicable standard.

[3] ATC does not challenge the summary judgment as to liability.

if the appellant fails to negate each ground upon which the trial court may have rendered the judgment. *Id.*

The relevant facts are as follows. ATC contracted with XTRA to lease trailers for its transportation business. During a period beginning in November 2008 and continuing through August 2009, ATC executed three thirty-six-month leases with XTRA, leasing a total of forty-one trailers. At some point in the fall of 2009, ATC stopped making payments on its leases. In January 2010, XTRA declared ATC in default and demanded payment and return of the trailers. ATC refused to make payment.

In February 2010, XTRA filed suit against ATC, alleging that ATC had breached the lease agreements and seeking temporary and permanent injunctive relief. In September 2010, XTRA filed a traditional motion for summary judgment. In its motion, XTRA argued that no fact issue existed as to liability as ATC had judicially admitted its breach. With regard to its damages, XTRA argued that it was entitled, as a matter of law, to recover lost-volume seller damages or, in the alternative, liquidated damages owing under the terms of the contract. XTRA attached as evidence to its motion: the lease contracts, which provided that breach of the lease terms entitled XTRA to collect, as liquidated damages, repair and maintenance costs, return charges, any costs associated with collecting payments from ATC, and rental balances due, including accelerated minimum term charges[4]; and invoices showing amounts due under the lease for outstanding past and accelerated rental payments, repair costs, and other costs associated with collecting from ATC, such as fees incurred by XTRA for ATC's checks being returned for insufficient funds. The total of the invoices due was $275,207.84.

---

[4] Under the terms of the contract, minimum term charges refers to rental payments ATC would have owed had it performed under the leases for their original terms.

ATC responded to the motion for summary judgment. After a hearing on November 9, 2010, the trial court granted XTRA summary judgment and awarded XTRA $275,208.84 in damages, as well as pre- and post-judgment interest, attorney's fees, and court costs. The trial court did not specify which measure of damages it used in calculating XTRA's award.

On appeal, ATC challenges only the lost-volume seller ground for damages. It makes no arguments regarding the liquidated damages ground, and it is very likely that the trial court awarded damages using that measure. Because ATC has not negated all of the potential grounds on which the trial court could have rendered judgment, we must uphold the summary judgment. *See id.* ATC's first issue is overruled.

## II. Affidavit

By its second issue, ATC argues that the trial court abused its discretion in excluding the affidavit of Octavio Carrillo Alvarez, the president of ATC.

ATC attached Alvarez's affidavit to its response to XTRA's motion for summary judgment. In the affidavit, Alvarez avers, in relevant part, as follows:

> During 2009[,] ATC['s] business decreased significantly as a result of the downturn in the economy of the transportation industry. The company was not able to make its payments to XTRA under the terms of the Lease/purchase agreement. I offered to enter into an extension of our contract or some sort of payment arrangement to make up for the arrearages in monthly payments. At the time[,] we were making payments of around $8,700 per month and were two months behind on our payments. A vice-president of XTRA in their Dallas office informed us that XTRA was not interested in renegotiating the lease agreement or making alternate payment arrangements. In reliance on that representation[,] we agreed to return the trailers . . . .
>
> . . . .
>
> ATC disputes and denies it is responsible for the future rental charges reflected in those three invoices. ATC was advised by the

4

vice-president in Dallas that if we turned in the trailers voluntarily[,] the lease would be terminated and cancelled and we would have no further liability under the lease.

XTRA objected to the affidavit on, among other grounds, the ground that it offered an improper legal opinion as to ATC's novation affirmative defense.[5] The trial court sustained XTRA's objection on that ground, stating: "My issue is this idea, he thinks he can testify that there was a novation on this contract, because he decided that, that's what it meant, and that's not the case. The objection is sustained as to that particular part."

Assuming without deciding that the trial court erred in excluding the foregoing portion of Alvarez's affidavit from consideration, we cannot agree that ATC was harmed by the exclusion. Erroneously excluded evidence warrants reversal only if the error probably resulted in the rendition of an improper judgment. Tex. R. App. P. 44.1(a); *Nissan Motor Co. v. Armstrong*, 145 S.W.3d 131, 144 (Tex. 2004). ATC argues that it was harmed by the exclusion of Alvarez's affidavit testimony because his testimony formed the basis of its novation defense, which created a fact issue as to the terms of the contract. But, as a matter of law, novation based on the oral modification alleged in Alvarez's affidavit was not available to ATC as a defense to XTRA's breach of contract claim.

There can be no oral modification of an agreement that is required to be in writing

---

[5] A novation is:

> . . . the substitution of a new agreement between the same parties or the substitution of a new party on an existing agreement. *See Hidalgo County v. Pate*, 443 S.W.2d 80, 89 (Tex. Civ. App.—Corpus Christi 1969, writ ref'd n.r.e.). Therefore, only the new obligation may be enforced. *Priem v. Shires*, 697 S.W.2d 860, 864-65 (Tex. App.—Austin 1985, no writ). The elements of novation are: (1) a previous, valid obligation; (2) an agreement of the parties to a new contract; (3) the extinguishment of the old contract; and (4) the validity of the new contract. *Mandell v. Hamman Oil [&] Ref. Co.*, 822 S.W.2d 153, 163 (Tex. App.—Houston [1st Dist.] 1991, writ denied).

*Honeycutt v. Billingsley*, 992 S.W.2d 570, 576 (Tex. App.—Houston [1st Dist.] 1999, pet. denied).

under the statute of frauds.  *Columbia/HCA of Houston, Inc. v. Tea Cake French Bakery & Tea Room*, 8 S.W.3d 18, 21 (Tex. App.—Houston [14th Dist.] 1999, pet. denied).  An agreement that cannot be performed within one year of its making falls under the statute of frauds.  TEX. BUS. & COM. CODE ANN. § 26.01(a), (b)(6) (West 2009).  Here, the leases that form the basis of XTRA's lawsuit are for thirty-six month terms.  They therefore cannot be performed within one year and fall under the statute of frauds.  As such, ATC's novation defense, based on an alleged oral modification of the lease terms by an XTRA vice-president, would have failed as a matter of law, so we cannot conclude that ATC was harmed by the exclusion of Alvarez's testimony relevant to the alleged oral modification. *See* TEX. R. APP. P. 44.1(a); *Nissan Motor Co.*, 145 S.W.3d at 144; *see also Columbia/HCA of Houston, Inc.*, 8 S.W.3d at 21.  ATC's second issue is overruled.

### III.  Conclusion

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the 17th
day of January, 2013.

6