**Hector RODRIGUEZ and Leovigildo Rodriguez, Appellants,**

**v.**

**Katie Pearson KLEIN and Martin Morris, Appellees.**

**No. 13–96–206–CV.**

Court of Appeals of Texas, Corpus Christi.

Nov. 6, 1997.

Rehearing Overruled Dec. 30, 1997.

---

Kelly K. McKinnis, Vernon B. Hill, Jr., McAllen, for Appellants.

Roy S. Dale, Dale & Klein, William D. Mount, Jr., Dale & Klein, L.L.P., McAllen, for Appellees.

Before SEERDEN, C.J., and YANEZ and CHAVEZ, JJ.

## OPINION

SEERDEN, Chief Justice.

Hector and Leovigildo Rodriguez, appellants, asserted a cross claim against Katie Pearson Klein and Martin Morris, appellants, for legal malpractice, violations of the Texas Deceptive Trade Practices Act, and intentional infliction of mental anguish. Appellees' motion for summary judgment, based solely on an application of the statute of frauds, was granted by the trial court. In a single point of error, appellants argue that the trial court erred in granting appellees' motion for summary judgment. We affirm.

### FACTUAL BACKGROUND

On August 28, 1985, Porfirio Gonzalez (Gonzalez) purchased a junkyard business from appellants for $45,000. The $45,000 was paid as follows: (1) $10,000 in cash, (2) issuance of a $25,000 promissory note in favor of appellants, and (3) assumption by Gonzalez of a $10,000 promissory note previously issued by appellants. Appellants hired appellees, attorneys practicing at the Law Offices of Katie Klein, to represent and assist appellants in this sale. Appellees prepared the $25,000 promissory note, the bill of sale, the sale and purchase agreement, and a security agreement pledging the junkyard business as security for Gonzalez's obligations under the terms of the sale.

About a year after this sale, Gonzalez defaulted on several payments due on the two promissory notes. Appellants assert that after several meetings, Gonzalez agreed that he would voluntarily return the junkyard business to appellants in what appellants dubbed a "friendly repossession." Appellants allege that under the terms of this "friendly repossession," appellants would cancel the balance due on the $25,000 promissory note and assume the balance on the $10,000 note in exchange for which Gonzalez would return possession of the junkyard business to appellants.

On August 15, 1986, appellants and Gonzalez again visited the Law Offices of Katie Klein, this time to have documents prepared effectuating the "friendly repossession." Appellants left appellees' office before any document was created. Afterwards, a "bill of sale" was created by a legal secretary under appellees' supervision, and was signed by Gonzalez. This bill of sale, rather than set out the terms of the "friendly repossession," reflected a direct sale of the junkyard business. Under the terms of this second bill of sale, Gonzalez was to sell the junkyard business to appellants for $45,000. Without ever signing the second bill of sale, appellants took possession and control of the junkyard business as of August 15, 1986.

On February 19, 1987, Gonzalez, alleging that the bill of sale drafted by appellees evidenced a repurchase agreement, sued appellants for $20,000 in cash, cancellation of the $25,000 promissory note, and attorneys fees. Appellants answered Gonzalez's suit denying that the last bill of sale represented the intentions of the parties. Appellants also filed a counterclaim seeking to accelerate payment on the $25,000 note, and to foreclose on the security agreement and repossess all property constituting security. Appellants subsequently filed a second amended answer in which appellants specifically denied that the bill of sale constituted a valid written contract because appellants did not sign the document.

Appellants also filed a third party claim against appellees seeking damages for violations of the Texas Deceptive Trade Practices–Consumer Protection Act (DTPA). *See* TEX. BUS. & COM.CODE §§ 17.46, 17.50 (Vernon Supp.1997). The alleged violations included:

(1) Representing that services had sponsorship, approval, characteristics, uses, and benefits which they did not [§ 17.46(b)(5) ];

(2) Representing that services were of a particular standard, quality, or grade when they were in fact of another [§ 17.46(b)(7) ];

(3) Representing that an agreement conferred or involved rights, remedies, or obligations which were neither conferred nor involved, or which were prohibited by law [§ 17.46(b)(12) ];

(4) Representing that a guaranty or warranty of services conferred or involved rights or remedies which it did not have [§ 17.46(b)(10) ];

(5) Failure to disclose information known at time of transaction [§ 17.46(b)(23) ];

(6) Breach of implied warranty that services would be performed in good and workmanlike manner [§ 17.50(a)(2) ]; and

(7) Unconscionable acts that took advantage of appellants' lack of knowledge, ability, experience or capacity [§ 17.50(a)(3) ].

Appellants also brought third party claims against appellees for breach of fiduciary duty, breach of the duty of good faith, breach of warranty, and for intentional and negligent infliction of emotional distress. Appellants asserted that all of these claims were independent of the claims asserted against them by Gonzalez.

On February 8, 1996, appellees moved for summary judgment based upon the statute of frauds claiming that, because Gonzalez's claim against appellants could be defeated by application of the statute of frauds, appellants had no cause of action against appellees. Additionally, appellees argued at the summary judgment hearing that appellants were not "consumers" under the DTPA and therefore, could not recover under their DTPA claims. Without stating the basis on which it relied, the trial court granted appellees' motion for summary judgment disposing of all claims asserted by appellants against appellees. These claims were properly severed from all other claims and assigned a separate cause number. Appellants now bring error.

## STANDARD OF REVIEW

The standards for reviewing a motion for summary judgment are well established.

The movant has the burden of showing there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985). In determining whether there is a disputed material fact issue precluding summary judgment, proof favorable to the non-movant is taken as true, and all reasonable inferences are indulged in his favor. *Id.* at 548–49; *Rios v. Texas Commerce Bancshares, Inc.*, 930 S.W.2d 809, 814 (Tex.App.—Corpus Christi 1996, writ denied). A defendant is entitled to summary judgment if the summary judgment evidence establishes, as a matter of law, that at least one element of a plaintiff's cause of action cannot be established. *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex.1995); *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995); *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex.1991); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 679 (Tex.1979). To accomplish this, the defendant-movant must present summary judgment evidence that negates an element of the plaintiff's claim. Once this evidence is presented, the burden shifts to the plaintiff to put on competent controverting evidence that proves the existence of a genuine issue of material fact with regard to the element challenged by the defendant. *Centeq Realty*, 899 S.W.2d at 197; *Rios*, 930 S.W.2d at 814; *Hall v. Stephenson*, 919 S.W.2d 454, 464 (Tex.App.—Fort Worth 1996, writ denied).

A motion for summary judgment must expressly state the grounds upon which it is made. Tex.R. Civ. P. 166a(c); *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 339 (Tex.1993); *Clear Creek Basin Auth.*, 589 S.W.2d at 677. A motion for summary judgment must stand or fall on the grounds expressly presented in the motion, and a court may not rely on briefs or summary judgment evidence in determining whether grounds are expressly presented. *McConnell*, 858 S.W.2d at 339; *see also Stiles v. RTC*, 867 S.W.2d 24, 26 (Tex.1993); *Travis v. City of Mesquite*, 830 S.W.2d 94, 100 (Tex.1992); *Rios*, 930 S.W.2d at 814; *Ecotech Int'l, Inc. v. Griggs & Harrison*, 928 S.W.2d 644, 649–50 (Tex. App.—San Antonio 1996, writ denied). Accordingly, we can affirm the summary judgment, based solely on an application of the

statute of frauds, only if the facts of this case, when viewed in the proper light, implicate the statute of frauds in such a way as to negate appellants' claims as a matter of law.

## DISCUSSION

■ In a single point of error appellants assert that the trial court erred in granting appellees' motion for summary judgment. Appellants do not challenge the applicability of the statute of frauds as a bar to Gonzalez's recovery against appellants. Rather, without citing any authority, appellants argue that the statute of frauds defense has no effect on appellees' liability for "botching" the preparation of the legal documents in question. According to appellants, application of the statute of frauds would "in no way" change the fact that: (1) appellants have been forced to go through litigation and have incurred litigation expenses because of appellees' wrongful actions; (2) appellants have suffered severe emotional distress because of appellees' extreme and outrageous behavior; (3) the second bill of sale did not effectuate a repossession but instead effectuated a repurchase of the business in contradiction to the instructions of appellants; (4) the error in drafting the second bill of sale was not disclosed to appellants; and (5) appellees breached a fiduciary duty and a duty of good faith to appellants by seeking out counsel to represent appellants in the claims asserted by Gonzalez who would not bring legal action against appellees. Accordingly, appellants argue that the applicability of the statute of frauds constitutes no evidence in contravention of appellants' claims for intentional infliction of emotional distress,[1] breach of implied warranty, breach of fiduciary duty, breach of the duty of good faith, or DTPA violations.

Appellees argue, in response, that since the agreed repossession or repurchase of the junkyard business by written instrument did not comport with the statute of frauds, none of appellants' legal rights against Gonzalez were extinguished by the unenforceable sec-

ond bill of sale. In other words, because appellants did not sign the second bill of sale, they cannot be held accountable for breaching its terms, and have not forfeited their rights *against* Gonzalez to foreclose on the property. Therefore, appellees argue that any damage was caused, not by their own malfeasance, but by the actions of Gonzales in bringing a frivolous suit on an unenforceable contract. In the absence of causation, appellees conclude, all of appellants' claims against appellees must fail as a matter of law. We agree.

### APPLICATION OF STATUTE OF FRAUDS

■ The formal requirements of the statute of frauds are set forth in the Texas Business and Commerce Code. Specifically, section 2.201(a) provides in relevant part:

(a) except as otherwise provided in this section a contract for the sale of goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker.

TEX. BUS. & COM.CODE ANN. § 2.201(a) (Vernon 1994). It is undisputed that the bill of sale in question provided for the sale of goods valued at $500 or more. It is also undisputed that the bill of sale was not signed by appellants, the party against whom enforcement is sought. Therefore, the bill of sale, clearly falling within the statute of frauds provision, is unenforceable as against appellants.

■ Appellants, in their brief, neither concede that the statute of frauds bars Gonzalez's suit on the bill of sale, nor do they argue against such an application.[2] Appellants do, however, assert the statute of frauds against Gonzalez in their second amended answer to Gonzalez's suit. Specifically, appellants "deny that said Bill of Sale constitutes a valid written contract, as alleged in Paragraph 8 of

---

1. Appellants correctly concede that their claim for negligent infliction of emotional distress is meritless. Such claims are no longer recognized under Texas law. *Boyles v. Kerr*, 855 S.W.2d 593 (Tex.1993).

2. Appellants' entire argument is prefaced, "[a]ssuming *arguendo* " that the statute of frauds acts as a bar to Gonzalez's claim on the bill of sale.

Plaintiff's Original Petition, because Defendants did not execute it." This constitutes a judicial admission by appellants that the statute of frauds acts as a bar to Gonzalez's claim on the bill of sale against appellants. *See Huff v. Harrell,* 941 S.W.2d 230, 235 (Tex.App.—Corpus Christi 1996, writ denied); *Rodriguez v. Motor Exp., Inc.,* 909 S.W.2d 521, 525 (Tex.App.—Corpus Christi 1995), *rev'd on other grounds,* 925 S.W.2d 638 (1996).

### LEGAL MALPRACTICE CLAIMS

■ Appellants asserted claims for breach of fiduciary duty, breach of the duty of good faith, and a breach of implied warranty. Each of these claims was based upon the creation of the second bill of sale, and is, in effect, a tort claim of legal malpractice. *See Judwin Properties v. Griggs & Harrison,* 911 S.W.2d 498, 506–07 (Tex.App.—Houston [1st Dist.] 1995, no writ) (counterclaims asserted by a client against a law firm for breach of contract, breach of implied warranty, and breach of fiduciary duty were, in fact, all tort claims for legal malpractice). An attorney malpractice action in Texas is based in negligence. *Cosgrove v. Grimes,* 774 S.W.2d 662, 664 (Tex.1989). To recover on a claim of legal malpractice, a plaintiff must prove that (1) the attorney owed the plaintiff a duty, (2) the attorney breached that duty, (3) the breach proximately caused the plaintiff's injuries, and (4) damages occurred. *Peeler v. Hughes & Luce,* 909 S.W.2d 494, 496 (Tex.1995).

■ The components of proximate cause are cause-in-fact and foreseeability. *Doe v. Boys Clubs of Greater Dallas,* 907 S.W.2d 472, 477 (Tex.1995); *Travis v. City of Mesquite,* 830 S.W.2d 94, 98 (Tex.1992). These elements cannot be established by mere conjecture, guess, or speculation. *McClure v. Allied Stores of Tex., Inc.,* 608 S.W.2d 901, 903 (Tex.1980); *Farley v. MM Cattle Co.,* 529 S.W.2d 751, 755 (Tex.1975).

■ If an attorney demonstrates that his malfeasance was not the cause of any damages to the client, a summary judgment may be proper. *See Schlager v. Clements,* 939 S.W.2d 183, 186–89 (Tex.App.—Houston [14th Dist.] 1996, writ denied)(affirming sum-

mary judgment where summary judgment evidence showed that had attorney been aware of and informed clients of third-party-buyer, clients would have recovered less under bankruptcy proceeding than under agreed settlement); *Hall,* 919 S.W.2d at 465–66 (affirming summary judgment for attorneys where client fails to show material fact issue on causation); *Mackie v. McKenzie,* 900 S.W.2d 445, 448–49 (Tex.App.—Texarkana 1995, writ denied)(affirming summary judgment because replacement counsel negotiated a settlement under which the client collected more than she would have received had the will been set aside in a will contest suit; the client suffered no damages as the result of the attorney's conduct resulting in a failure of the client's will contest); *MND Drilling Corp. v. Lloyd,* 866 S.W.2d 29 (Tex.App.—Houston [14th Dist.] 1987, no writ) (attorney entitled to summary judgment in legal malpractice case because plaintiff could not show that it would have prevailed if attorney had filed a response to a motion for summary judgment in the underlying action).

Here, appellees moved for summary judgment on the grounds that, because of the applicability of the statute of frauds, their malfeasance, if any, was not the cause of any injuries to appellants. Because we conclude that appellees' alleged mistake and the resulting unenforceable bill of sale was not the cause-in-fact of appellants' damages, we affirm the summary judgment as it relates to appellants' malpractice claims.

■ The test for cause-in-fact is whether the negligent "act or omission was a substantial factor in bringing about injury," without which the harm would not have occurred. *Doe,* 907 S.W.2d at 477; *Prudential,* 896 S.W.2d at 161 (citing *McClure,* 608 S.W.2d at 903); *see also Havner v. E–Z Mart Stores, Inc.,* 825 S.W.2d 456, 458–59 (Tex.1992); *Brown v. Edwards Transfer Co.,* 764 S.W.2d 220, 223 (Tex.1988). The word "substantial" is used to denote the fact that the defendant's conduct has such an effect in producing the harm as to lead reasonable men to regard it as a cause, using that word in the popular sense, in which there always lurks the idea of responsibility. *Union Pump Co.*

*v. Allbritton,* 898 S.W.2d 773, 776 (Tex.1995) (quoting *Lear Siegler v. Perez,* 819 S.W.2d 470, 472 (Tex.1991)). Cause-in-fact is not shown if the defendant's negligence did no more than furnish a condition which made the injury possible. *Doe,* 907 S.W.2d at 477; *Union Pump Co.* 898 S.W.2d at 776. Although proximate cause in a legal malpractice action is usually a question of fact, it may be determined as a matter of law if the circumstances are such that reasonable minds could not arrive at a different conclusion. *Mackie,* 900 S.W.2d at 449; *Schlager,* 939 S.W.2d at 186–87.

■ In the usual malpractice case (see cases cited above), the attorney's malfeasance causes his or her client to lose a cause of action or defense. In such a case, the client must prove a "suit within a suit;" that is, the client must prove that, absent the attorney's malfeasance, the client would have been able to successfully assert a claim or defense. *Mackie,* 900 S.W.2d at 449; *Schlager,* 939 S.W.2d at 186–87. In the case at hand, however, appellants allege that appellees' malfeasance caused damages by rendering appellants susceptible to suit. As a matter of law, such a contention does not support a finding of cause-in-fact.

None of appellants' legal rights or remedies were waived by drafting an unenforceable bill of sale. Appellants maintained the right to sue Gonzalez on the original agreement, and in fact, our review of the record reveals that appellants asserted that right *via* a counterclaim against Gonzalez. In this counterclaim, appellants sued for repossession of the junkyard business (pledged security under the original agreement) and sought to accelerate the payments due on the $25,000 promissory note. Appellants also counterclaimed for false inducement and various violations of the DTPA. Clearly, appellants' prospective recovery on their counterclaim exceeds that available under either the alleged oral contract (under which appellants would merely cancel the payments due under the $25,000 promissory note in exchange for possession and control of the junkyard business) or the unenforceable bill of sale. Thus, the only cause of appellants' damages was the act of Gonzalez in bringing a suit on an unenforceable contract. We refuse to recognize increased susceptibility to suit as a recoverable damage. As a result, we hold that appellees' actions were not a substantial factor in bringing about damages.

Accordingly, summary judgment was properly granted on appellants' malpractice claims.

### DTPA CLAIMS

■ The Deceptive Trade Practices–Consumer Protection Act applies to an attorney rendering legal services. *DeBakey v. Staggs,* 612 S.W.2d 924, 925 (Tex.1981)(per curiam); *Sample v. Freeman,* 873 S.W.2d 470, 475 (Tex.App.—Beaumont 1994, writ denied); *Lucas v. Nesbitt,* 653 S.W.2d 883, 886 (Tex. App.—Corpus Christi 1983, writ ref'd n.r.e.); *Barnard v. Mecom,* 650 S.W.2d 123, 125 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.). However, a plaintiff suing under the DTPA must prove that the defendant's malfeasance was the producing cause of his damages. *Peeler,* 909 S.W.2d at 498. Cause-in-fact is an element of producing cause. *Mackie,* 900 S.W.2d at 449.

■ Therefore, using the same test and analysis for cause-in-fact as discussed above, we hold that appellees' mistake and the resulting unenforceable bill of sale were not the cause-in-fact of appellants' damages. Accordingly, we affirm the summary judgment as it relates to appellants' DTPA claims.

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

■ The elements of intentional infliction of emotional distress are: (1) the defendant acted intentionally or recklessly, (2) the conduct was extreme and outrageous, (3) the actions of the defendant caused the plaintiff emotional distress, and (4) the emotional distress suffered by plaintiff was severe. *Twyman v. Twyman,* 855 S.W.2d 619, 621 (Tex. 1993). As is evident, this tort has a causation element.

Once again, in light of our holding that appellees' mistake and the resulting unenforceable bill of sale were not the cause of appellants' injury (including any emotional distress suffered as a result of having to

defend against Gonzalez's claims), we affirm the summary judgment as it relates to appellants' claims for intentional infliction of emotional distress.

### PARTIAL PERFORMANCE

Although not directly affected by appellees' motion for summary judgment, Gonzalez filed a response to appellees' motion. In his response, Gonzalez argued that the full or partial performance under the bill of sale rendered the bill of sale enforceable.[3] Specifically, Gonzalez argued that because he surrendered the junkyard business to appellants, and because appellants received and accepted the property, the bill of sale, which would otherwise be unenforceable under the statute of frauds, was taken out of the application of the statue.

We find Gonzalez's argument unpersuasive. The performance or partial performance of an otherwise unenforceable agreement must be *unequivocally referable* to the agreement and corroborative of the fact that a contract had been made. *Leon Ltd. v. Albuquerque Commons Partnership*, 862 S.W.2d 693, 702 (Tex.App.—El Paso 1993, no writ)(emphasis added); *Wiley v. Bertelsen*, 770 S.W.2d 878, 882 (Tex.App.—Texarkana 1989, no writ)(emphasis added). Here, the surrender of the junkyard business was required of Gonzalez under either (1) the bill of sale, (2) the alleged oral contract, or (3) the original 1985 agreement.[4] Thus, it cannot be said that Gonzalez's return of the junkyard business was "unequivocally referable" to the bill of sale.

### CONCLUSION

In conclusion, we hold that the summary judgment evidence conclusively shows that, because of the applicability of the statute of frauds, appellees' negligence, if any, was not the cause-in-fact of any damages suffered by appellants. Accordingly, the summary judgment was proper as to each cause of action asserted by appellants in their third party claim against appellees. Appellants' sole point of error is overruled, and the judgment of the trial court is affirmed.

---

3. Understandably, appellants do not argue that an exception to the statute of frauds renders the bill of sale enforceable.

4. Under section 9.503, "a secured party has on default the right to take possession of the collateral." TEX. BUS. & COM.CODE ANN. § 9.503 (Vernon 1991). It is undisputed that a security agreement had been entered into by Gonzalez for the 1985 sale of the junkyard business under which appellants had the right to take immediate possession of the business in the event of a default by Gonzalez. It is also undisputed that Gonzalez defaulted on the two promissory notes issued under the 1985 sale.