NUMBER 13-07-00026-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


VALERIO LLANES, Appellant,


v.
 


OLAN BENGE, Appellee.

 


On appeal from the 329th District Court 


of Wharton County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Rodriguez and Benavides 


Memorandum Opinion by Justice Rodriguez



 This is an appeal from the grant of summary judgment in favor of Olan Benge,
appellee, in a trespass to try title lawsuit. By four issues, Valerio Llanes, appellant, 
contends that the trial court erred in granting the motion for summary judgment. We affirm.


I. Background

 On March 29, 2004, the County Civil Court at Law Number Four in Harris County,
Texas (county court), rendered a default judgment in favor of Patterson, Boyd, & Lowery
(Patterson) to recover the amount of $7,550 from Llanes. No appeal was perfected from
the 2004 default judgment. Subsequently, Patterson filed an application for a turnover of
Llanes's property and for the appointment of a receiver to take possession of Llanes's non-exempt property and to sell it to satisfy the judgment. See Tex. Civ. Prac. & Rem. Code
Ann. § 31.002 (Vernon 2008) ("Turnover Statute"). On May 28, 2004, the county court
ordered Llanes to turn over the following: "all checks, cash, securities (stocks and bonds),
promissory notes, documents of title, credit cards, available lines of credit, personal
property purchased since the date of the judgment, real property deeds and contracts
owned by or in the name of Defendant [Llanes]." It is unclear from the record whether
Llanes complied with the turnover order. However, pursuant to that order, Peter E. Pratt,
Jr., the appointed receiver, filed an application to sell Llanes's real property, which was
located in Wharton County, and a notice of the hearing on the application. The county
court held a hearing on the receiver's application and signed an order authorizing Pratt 's
forced sale of Llanes's real property. Llanes did not appeal from the county court's orders. 
Pratt sold the property to Benge for the sum of $84,400 and distributed the proceeds of the
sale to judgment creditors. (1)

 On March 3, 2005, Llanes filed his original petition for trespass to try title against
Benge in the 329th District Court of Wharton County (district court) claiming that the
turnover order was void because the property sold to Benge was his homestead. After
filing a general denial, Benge filed a traditional motion for summary judgment. See Tex.
R. Civ. P. 166a(c). In his motion, Benge argued that he was entitled to summary judgment
because he negated an element of Llanes's trespass to try title suit. He further argued that
he was entitled to summary judgment under the doctrines of res judicata and collateral
estoppel. The trial court granted Benge's motion without specifying the grounds. Llanes
appeals from the district court's grant of summary judgment in favor of Benge.

II. Standard of Review and Applicable Law

 We review the trial court's grant of a motion for summary judgment on traditional
grounds de novo. Ortega v. Nat'l Bank, 97 S.W.3d 765, 771 (Tex. App.--Corpus Christi
2003, no pet.) (op. on reh'g). The issue on appeal is whether the movant met the summary
judgment burden by establishing that no issue of material fact exists and that the movant
is entitled to judgment as a matter of law. Sw. Elec. Power Co. v. Grant, 73 S.W.3d 211,
215 (Tex. 2002) (citing Tex. R. Civ. P. 166a(c)).

 A defendant who conclusively negates at least one essential element of a cause of
action or affirmatively establishes each element of an affirmative defense to each claim is
entitled to summary judgment on that claim. Id.; Ortega, 97 S.W.3d at 772. Once the
defendant produces sufficient evidence to establish the right to summary judgment, the
burden shifts to the plaintiff to raise an issue of material fact with regard to the element
challenged by the defendant. Centeq Realty Inc. v. Siegler, 899 S.W.2d 195, 197 (Tex.
1995); Clarendon Nat'l Ins. Co. v. Thompson, 199 S.W.3d 482, 486-487 (Tex.
App.-Houston [1st Dist.] 2006, no pet.); Rodriguez v. Klein, 960 S.W.2d 179, 182 (Tex.
App.-Corpus Christi 1997, no pet.). 

 When there are multiple grounds for summary judgment and the order does not
specify the ground on which the summary judgment was granted, as here, appellant must
negate all grounds on appeal. See Columbia Rio Grande Regional Hosp. v. Stover, 17
S.W.3d 387, 392 (Tex. App.-Corpus Christi 2000, no pet.) (citing State Farm Fire & Cas.
Co. v. S. S., 858 S.W.2d 374, 381 (Tex. 1993)). We must uphold the summary judgment
if the appellant fails to negate each ground upon which the trial court may have rendered
the judgment. See id.

III. Superior Title


 By his first issue, Llanes contends that the summary judgment is erroneous because
the property sold to Benge was his homestead. In his response to Benge's motion for
summary judgment, Llanes claimed that "he has continuously resided at and conducted
his business from the 4 parcels of land located in Wharton County, Texas, which are the
basis of [trespass to try title lawsuit] for a period of some 13 years."

 Although the courts have given a liberal construction to the constitution and statutes
to protect homestead rights, it is clear that the courts cannot protect property that is not a
homestead. Sanchez v. Telles, 960 S.W.2d 762, 769 (Tex. App.-El Paso 1997, writ
denied). The party claiming the homestead exemption has the burden of establishing the
homestead character of the property. Id.; NCNB Texas Nat'l Bank v. Carpenter, 849
S.W.2d 875, 879 (Tex. App.-Fort Worth 1993, no writ). The party claiming a homestead
must show a combination of both overt acts of homestead usage and the intention on the
part of the owner to claim the land as a homestead. Sanchez, 960 S.W.2d at 770.

 Here, Llanes filed suit against Benge in the district court for trespass to try title after
Benge purchased the property from the receiver. A trespass to try title suit is a procedure
by which claims to title or the right of possession may be adjudicated. Rogers v. Ricane
Enters., Inc., 884 S.W.2d 763, 769 (Tex. 1994). To recover in a trespass to try title action,
the plaintiff must recover upon the strength of his own title. Id.

 In his motion for summary judgment, Benge claimed that he negated an essential
element of Llanes's claim. Benge provided summary judgment evidence establishing that
he acquired title to the property by purchasing it for good and valuable consideration from
a duly appointed receiver who was granted the authority to sell the property by court order. 
Once Benge established his right to summary judgment on the basis that he had proper
title to the property, the burden shifted to the Llanes to raise an issue of material fact. 
Centeq Realty Inc., 899 S.W.2d at 197; Clarendon Nat'l Ins. Co., 199 S.W.3d at 486-87;
Rodriguez, 960 S.W.2d at 182. Llanes was therefore required to provide summary
judgment evidence raising an issue of material fact that the property was his homestead.

 Although Llanes contends that the property is his homestead, he points to no
evidence in the record, and we find none, that establishes any overt acts of homestead
usage by Llanes or his intention to claim the land as his homestead. See Kostelnik v.
Roberts, 680 S.W.2d 532, 536 (Tex. App.-Corpus Christi 1984, writ ref'd n.r.e.) (concluding
evidence that appellants lived on the real property on which they built a new home was
insufficient to support a finding that the property was their homestead). In fact, Llanes did
not attach any evidence to his response to Benge's motion for summary judgment. Based
on our review of the record, we conclude that Llanes has not raised an issue of material
fact that the property sold to Benge was his homestead. Therefore, we overrule Llanes's
first issue.

IV. Collateral Estoppel and Res Judicata Benge also relied on the doctrines of collateral estoppel and res judicata to establish
his entitlement to summary judgment. 

 By his second issue, Llanes argues only that Benge did not establish he was entitled
to summary judgment under the doctrine of collateral estoppel. Llanes appears to
challenge the first element of collateral estoppel arguing that the issue of homestead was
not actually litigated in the previous turnover proceedings. See Sysco Food Servs., Inc.
v. Trapnell, 890 S.W.2d 796, 801 (Tex. 1994) (providing the elements of collateral
estoppel). Llanes does not contend Benge did not establish the elements of his res
judicata defense. Therefore, summary judgment may be affirmed on the basis of res
judicata. See Holloway v. Starnes, 840 S.W.2d 14, 23 (Tex. App.-Dallas 1992, writ
denied).

 Nonetheless, even if we were to construe Llanes's second issue as a challenge to
Benge's res judicata defense, Llanes failed to establish that res judicata was not a proper
ground for summary judgment. The elements of res judicata include: (1) a prior and final
judgment on the merits by a court of competent jurisdiction; (2) identity of the parties or
those in privity with them; and (3) a second action based on the same claims as were
raised or could have been raised in the first action. See id. Res judicata applies "'not only
on matters actually litigated, but also on causes of action or defenses which arise out of
the same subject matter and which might have been litigated in the first suit.'" Barr v.
Resolution Trust Corp., 837 S.W.2d 627, 630 (Tex. 1992) (quoting Texas Water Rights
Comm. v. Crow Iron Works, 582 S.W.2d 768, 771-72 (Tex. 1979) (emphasis omitted));
Columbia Rio Grande Regional Hosp., 17 S.W.3d at 392. Thus, res judicata is not limited
to matters actually litigated in a prior suit; it also precludes causes of action or defenses
that arise out of the same subject matter and which might have been litigated in the prior
suit. Id. at 630.

 Llanes contends that Benge did not establish that the issue of homestead was
actually litigated in the county court proceeding. (2) Llanes, however, does not challenge the
summary judgment on the basis that Benge did not establish that the subject matter might
have been litigated in the prior suit. See Barr, 837 S.W.2d at 630. Llanes has therefore
failed to show that Benge did not establish his res judicata defense. Because Llanes has
not negated res judicata as a ground for summary judgment, we must uphold the summary
judgment on that basis. See Columbia Rio Grande Regional Hosp., 17 S.W.3d at 392; see
also Holloway, 840 S.W.2d at 23 (providing that if summary judgment may have been
rendered, properly or improperly, on a ground not challenged on appeal, the judgment
must be affirmed). We overrule Llanes's second issue.

V. Notice

 By his third issue, Llanes complains that the trial court erred in granting summary
judgment because he was not provided proper notice of the hearing on the receiver's
application to sell his real property in the turnover proceedings in the county court. 
Specifically, Llanes argues that "[a] thorough review of the record shows that [he] never
received actual notice of the so-called hearing on the receiver's application to sell real
property and notice of hearing in time to have been present at the hearing." Assuming
without deciding that Llanes has shown that he did not receive notice of the hearing
granting the receiver authority to sell his real property, we are not persuaded by his
argument because Llanes has cited no authority and we find none that supports the
proposition that notice is required in a turnover proceeding.

 The county court's order granting the receiver's application to sell real property was
rendered pursuant to section 31.002 of the civil practices and remedies code. See Tex.
Civ. Prac. & Rem. Code Ann. § 31.002(a)(1), (2), (b)(3). Section 31.002 provides that a
judgment creditor is entitled to aid from a court of appropriate jurisdiction in order to reach
nonexempt property to obtain satisfaction on the judgment, and the court may "appoint a
receiver with the authority to take possession of the nonexempt property, sell it, and pay
the proceeds to the judgment creditor to the extent required to satisfy the judgment." See
id.

 The county court's default judgment specifically recited that Llanes was provided
proper notice, and Llanes does not complain that he did not receive notice of that
judgment. Because the judgment was subject to collection, notice that the creditor would
attempt to collect on the judgment can be implied. See Thomas v. Thomas, 917 S.W.2d
425, 433-34 (Tex. App.-Waco 1996, no writ) ("Section 31.002 provides a remedy which
allows the trial court to enforce a prior order that has been refused or disobeyed. The
judgment against [appellant] was subject to collection, and notice can be implied that the
creditor would attempt to collect on the judgment."). Section 31.002 requires neither notice
nor a hearing before the court issues a turnover order. See Ex Parte Johnson, 564 S.W.2d
415, 418 (Tex. 1983) (stating that notice and hearing prior to issuance of the turnover order
is not required); Sivley v. Sivley, 972 S.W.2d 850, 860 (Tex. App.-Tyler 1998, no pet.)
("The statute itself does not provide for notice or a hearing to be afforded a judgment
debtor in a turnover proceeding."); Plaza Court v. West, 879 S.W.2d 271, 276 (Tex.
App.-Houston [14th Dist.] 1994, no writ.) (explaining that section 31.002 [the turnover
statute] does not provide for notice to be afforded a judgment debtor in a turnover
proceeding); see also Endicott Johnson Corp. v. Encyclopedia Press, Inc., 266 U.S. 285,
288 (1924) ("The established rules of our system of jurisprudence do not require that a
defendant who has been granted an opportunity to be heard and has had his day in court,
should, after a judgment has been rendered against him, have a further notice and hearing
before supplemental proceedings are taken to reach his property in satisfaction of the
judgment."). Because Llanes had notice of the default judgment, and because no notice
is required in a subsequent turnover proceeding, we cannot conclude, in this case, that the
district court erred in granting summary judgment. We overrule Llanes's third issue.

VI. Proceeds from the Sale

 By his fourth issue, Llanes appears to argue that he raised an issue of material fact
because he did not receive any of the proceeds of the forced sale of his property. Llanes 
has not provided a clear and concise argument with citations to authority and the record.
See Tex. R. App. P. 38.1(i). Therefore, he has waived this argument. Id. We overrule
Llanes's fourth issue.

 The judgment of the trial court is affirmed.

 

 NELDA V. RODRIGUEZ

 Justice


Memorandum Opinion delivered and

filed this 29th day of January, 2009.

1. The proceeds were distributed to, among others, three judgment creditors--Patterson, Wells Fargo,
and Connie Davila. None of the recipients of the proceeds are parties in this appeal.
2. We also note that Llanes has not challenged the first and second elements of res judicata.