

# NUMBER 13-07-00026-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| **VALERIO LLANES,** | **Appellant,** |
| **v.** | |
| **OLAN BENGE,** | **Appellee.** |

## On appeal from the 329th District Court
## of Wharton County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Benavides**
**Memorandum Opinion by Justice Rodriguez**

This is an appeal from the grant of summary judgment in favor of Olan Benge, appellee, in a trespass to try title lawsuit. By four issues, Valerio Llanes, appellant, contends that the trial court erred in granting the motion for summary judgment. We affirm.

## I. BACKGROUND

On March 29, 2004, the County Civil Court at Law Number Four in Harris County, Texas (county court), rendered a default judgment in favor of Patterson, Boyd, & Lowery (Patterson) to recover the amount of $7,550 from Llanes. No appeal was perfected from the 2004 default judgment. Subsequently, Patterson filed an application for a turnover of Llanes's property and for the appointment of a receiver to take possession of Llanes's non-exempt property and to sell it to satisfy the judgment. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 31.002 (Vernon 2008) ("Turnover Statute"). On May 28, 2004, the county court ordered Llanes to turn over the following: "all checks, cash, securities (stocks and bonds), promissory notes, documents of title, credit cards, available lines of credit, personal property purchased since the date of the judgment, real property deeds and contracts owned by or in the name of Defendant [Llanes]." It is unclear from the record whether Llanes complied with the turnover order. However, pursuant to that order, Peter E. Pratt, Jr., the appointed receiver, filed an application to sell Llanes's real property, which was located in Wharton County, and a notice of the hearing on the application. The county court held a hearing on the receiver's application and signed an order authorizing Pratt 's forced sale of Llanes's real property. Llanes did not appeal from the county court's orders. Pratt sold the property to Benge for the sum of $84,400 and distributed the proceeds of the sale to judgment creditors.[1]

On March 3, 2005, Llanes filed his original petition for trespass to try title against Benge in the 329th District Court of Wharton County (district court) claiming that the turnover order was void because the property sold to Benge was his homestead. After

---

[1] The proceeds were distributed to, among others, three judgment creditors—Patterson, Wells Fargo, and Connie Davila. None of the recipients of the proceeds are parties in this appeal.

filing a general denial, Benge filed a traditional motion for summary judgment. *See* TEX. R. CIV. P. 166a(c). In his motion, Benge argued that he was entitled to summary judgment because he negated an element of Llanes's trespass to try title suit. He further argued that he was entitled to summary judgment under the doctrines of res judicata and collateral estoppel. The trial court granted Benge's motion without specifying the grounds. Llanes appeals from the district court's grant of summary judgment in favor of Benge.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

We review the trial court's grant of a motion for summary judgment on traditional grounds de novo. *Ortega v. Nat'l Bank*, 97 S.W.3d 765, 771 (Tex. App.—Corpus Christi 2003, no pet.) (op. on reh'g). The issue on appeal is whether the movant met the summary judgment burden by establishing that no issue of material fact exists and that the movant is entitled to judgment as a matter of law. *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002) (citing TEX. R. CIV. P. 166a(c)).

A defendant who conclusively negates at least one essential element of a cause of action or affirmatively establishes each element of an affirmative defense to each claim is entitled to summary judgment on that claim. *Id.*; *Ortega*, 97 S.W.3d at 772. Once the defendant produces sufficient evidence to establish the right to summary judgment, the burden shifts to the plaintiff to raise an issue of material fact with regard to the element challenged by the defendant. *Centeq Realty Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995); *Clarendon Nat'l Ins. Co. v. Thompson,* 199 S.W.3d 482, 486-487 (Tex. App.–Houston [1st Dist.] 2006, no pet.); *Rodriguez v. Klein*, 960 S.W.2d 179, 182 (Tex. App.–Corpus Christi 1997, no pet.).

When there are multiple grounds for summary judgment and the order does not specify the ground on which the summary judgment was granted, as here, appellant must

3

negate all grounds on appeal. *See Columbia Rio Grande Regional Hosp. v. Stover*, 17 S.W.3d 387, 392 (Tex. App.–Corpus Christi 2000, no pet.) (citing *State Farm Fire & Cas. Co. v. S. S.*, 858 S.W.2d 374, 381 (Tex. 1993)). We must uphold the summary judgment if the appellant fails to negate each ground upon which the trial court may have rendered the judgment. *See id.*

### III. SUPERIOR TITLE

By his first issue, Llanes contends that the summary judgment is erroneous because the property sold to Benge was his homestead. In his response to Benge's motion for summary judgment, Llanes claimed that "he has continuously resided at and conducted his business from the 4 parcels of land located in Wharton County, Texas, which are the basis of [trespass to try title lawsuit] for a period of some 13 years."

Although the courts have given a liberal construction to the constitution and statutes to protect homestead rights, it is clear that the courts cannot protect property that is not a homestead. *Sanchez v. Telles*, 960 S.W.2d 762, 769 (Tex. App.–El Paso 1997, writ denied). The party claiming the homestead exemption has the burden of establishing the homestead character of the property. *Id.*; *NCNB Texas Nat'l Bank v. Carpenter*, 849 S.W.2d 875, 879 (Tex. App.–Fort Worth 1993, no writ). The party claiming a homestead must show a combination of both overt acts of homestead usage and the intention on the part of the owner to claim the land as a homestead. *Sanchez*, 960 S.W.2d at 770.

Here, Llanes filed suit against Benge in the district court for trespass to try title after Benge purchased the property from the receiver. A trespass to try title suit is a procedure by which claims to title or the right of possession may be adjudicated. *Rogers v. Ricane*

4

*Enters., Inc.*, 884 S.W.2d 763, 769 (Tex. 1994). To recover in a trespass to try title action, the plaintiff must recover upon the strength of his own title. *Id.*

In his motion for summary judgment, Benge claimed that he negated an essential element of Llanes's claim. Benge provided summary judgment evidence establishing that he acquired title to the property by purchasing it for good and valuable consideration from a duly appointed receiver who was granted the authority to sell the property by court order. Once Benge established his right to summary judgment on the basis that he had proper title to the property, the burden shifted to the Llanes to raise an issue of material fact. *Centeq Realty Inc.*, 899 S.W.2d at 197; *Clarendon Nat'l Ins. Co.*, 199 S.W.3d at 486-87; *Rodriguez*, 960 S.W.2d at 182. Llanes was therefore required to provide summary judgment evidence raising an issue of material fact that the property was his homestead.

Although Llanes contends that the property is his homestead, he points to no evidence in the record, and we find none, that establishes any overt acts of homestead usage by Llanes or his intention to claim the land as his homestead. *See Kostelnik v. Roberts*, 680 S.W.2d 532, 536 (Tex. App.–Corpus Christi 1984, writ ref'd n.r.e.) (concluding evidence that appellants lived on the real property on which they built a new home was insufficient to support a finding that the property was their homestead). In fact, Llanes did not attach any evidence to his response to Benge's motion for summary judgment. Based on our review of the record, we conclude that Llanes has not raised an issue of material fact that the property sold to Benge was his homestead. Therefore, we overrule Llanes's first issue.

## IV. Collateral Estoppel and Res Judicata

Benge also relied on the doctrines of collateral estoppel and res judicata to establish his entitlement to summary judgment.

5

By his second issue, Llanes argues only that Benge did not establish he was entitled to summary judgment under the doctrine of collateral estoppel. Llanes appears to challenge the first element of collateral estoppel arguing that the issue of homestead was not actually litigated in the previous turnover proceedings. *See Sysco Food Servs., Inc. v. Trapnell*, 890 S.W.2d 796, 801 (Tex. 1994) (providing the elements of collateral estoppel). Llanes does not contend Benge did not establish the elements of his res judicata defense. Therefore, summary judgment may be affirmed on the basis of res judicata. *See Holloway v. Starnes*, 840 S.W.2d 14, 23 (Tex. App.–Dallas 1992, writ denied).

Nonetheless, even if we were to construe Llanes's second issue as a challenge to Benge's res judicata defense, Llanes failed to establish that res judicata was not a proper ground for summary judgment. The elements of res judicata include: (1) a prior and final judgment on the merits by a court of competent jurisdiction; (2) identity of the parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action. *See id.* Res judicata applies "'not only on matters actually litigated, but also on causes of action or defenses which arise out of the same subject matter and which might have been litigated in the first suit.'" *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 630 (Tex. 1992) (quoting *Texas Water Rights Comm. v. Crow Iron Works*, 582 S.W.2d 768, 771-72 (Tex. 1979) (emphasis omitted)); *Columbia Rio Grande Regional Hosp.*, 17 S.W.3d at 392. Thus, res judicata is not limited to matters actually litigated in a prior suit; it also precludes causes of action or defenses that arise out of the same subject matter and which might have been litigated in the prior suit. *Id.* at 630.

6

Llanes contends that Benge did not establish that the issue of homestead was actually litigated in the county court proceeding.[2] Llanes, however, does not challenge the summary judgment on the basis that Benge did not establish that the subject matter *might* have been litigated in the prior suit. *See Barr*, 837 S.W.2d at 630. Llanes has therefore failed to show that Benge did not establish his res judicata defense. Because Llanes has not negated res judicata as a ground for summary judgment, we must uphold the summary judgment on that basis. *See Columbia Rio Grande Regional Hosp.*, 17 S.W.3d at 392; *see also Holloway*, 840 S.W.2d at 23 (providing that if summary judgment may have been rendered, properly or improperly, on a ground not challenged on appeal, the judgment must be affirmed). We overrule Llanes's second issue.

## V. NOTICE

By his third issue, Llanes complains that the trial court erred in granting summary judgment because he was not provided proper notice of the hearing on the receiver's application to sell his real property in the turnover proceedings in the county court. Specifically, Llanes argues that "[a] thorough review of the record shows that [he] never received actual notice of the so-called hearing on the receiver's application to sell real property and notice of hearing in time to have been present at the hearing." Assuming without deciding that Llanes has shown that he did not receive notice of the hearing granting the receiver authority to sell his real property, we are not persuaded by his argument because Llanes has cited no authority and we find none that supports the proposition that notice is required in a turnover proceeding.

---

[2] We also note that Llanes has not challenged the first and second elements of res judicata.

7

The county court's order granting the receiver's application to sell real property was rendered pursuant to section 31.002 of the civil practices and remedies code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 31.002(a)(1), (2), (b)(3). Section 31.002 provides that a judgment creditor is entitled to aid from a court of appropriate jurisdiction in order to reach nonexempt property to obtain satisfaction on the judgment, and the court may "appoint a receiver with the authority to take possession of the nonexempt property, sell it, and pay the proceeds to the judgment creditor to the extent required to satisfy the judgment." *See id.*

The county court's default judgment specifically recited that Llanes was provided proper notice, and Llanes does not complain that he did not receive notice of that judgment. Because the judgment was subject to collection, notice that the creditor would attempt to collect on the judgment can be implied. *See Thomas v. Thomas*, 917 S.W.2d 425, 433-34 (Tex. App.–Waco 1996, no writ) ("Section 31.002 provides a remedy which allows the trial court to enforce a prior order that has been refused or disobeyed. The judgment against [appellant] was subject to collection, and notice can be implied that the creditor would attempt to collect on the judgment."). Section 31.002 requires neither notice nor a hearing before the court issues a turnover order. *See Ex Parte Johnson*, 564 S.W.2d 415, 418 (Tex. 1983) (stating that notice and hearing prior to issuance of the turnover order is not required); *Sivley v. Sivley*, 972 S.W.2d 850, 860 (Tex. App.–Tyler 1998, no pet.) ("The statute itself does not provide for notice or a hearing to be afforded a judgment debtor in a turnover proceeding."); *Plaza Court v. West*, 879 S.W.2d 271, 276 (Tex. App.–Houston [14th Dist.] 1994, no writ.) (explaining that section 31.002 [the turnover statute] does not provide for notice to be afforded a judgment debtor in a turnover proceeding); *see also Endicott Johnson Corp. v. Encyclopedia Press, Inc.*, 266 U.S. 285,

288 (1924) ("The established rules of our system of jurisprudence do not require that a defendant who has been granted an opportunity to be heard and has had his day in court, should, after a judgment has been rendered against him, have a further notice and hearing before supplemental proceedings are taken to reach his property in satisfaction of the judgment."). Because Llanes had notice of the default judgment, and because no notice is required in a subsequent turnover proceeding, we cannot conclude, in this case, that the district court erred in granting summary judgment. We overrule Llanes's third issue.

## VI. Proceeds from the Sale

By his fourth issue, Llanes appears to argue that he raised an issue of material fact because he did not receive any of the proceeds of the forced sale of his property. Llanes has not provided a clear and concise argument with citations to authority and the record. *See* TEX. R. APP. P. 38.1(i). Therefore, he has waived this argument. *Id.* We overrule Llanes's fourth issue.

The judgment of the trial court is affirmed.

NELDA V. RODRIGUEZ
Justice

Memorandum Opinion delivered and
filed this 29th day of January, 2009.

9